J. F. ELBRIDGE AND WIFE *v.* W. B. WILSON'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 4—982, as Eldridge v. Wilson.]

**Mental Capacity of Mortgagor.**

Where a woman attended school when a child, learning to read and write, married when she grew up, bore children, attended to her household duties, purchased articles for her family with some care and judgment, exchanged her lands, signed and acknowledged deeds, had law suits and gave testimony, and generally attended with fair judgment to the ordinary affairs of life, such facts shown by the record will support the conclusion that she had capacity to make a mortgage as decided by the trial court, and the opinions of witnesses to the contrary, based upon no particular facts or circumstances giving them weight, can not be permitted to outweigh the many acts of ordinary intelligence done by her before she executed the mortgage.

APPEAL FROM BATH CIRCUIT COURT.

May 1, 1883.

OPINION BY JUDGE HARGIS:

The assignments of error relative to the acknowledgments of the mortgage and the clerk's certificate thereof, and the alleged usury, have been prudently abandoned in the argument by counsel, leaving the single issue of fact before us whether Mrs. Elbridge at the time she executed and acknowledged the mortgagee was of sufficient mind to perform those acts in a legally binding manner.

The evidence shows that she attended school in childhood and

learned to read.and write; that she contracted and formed the relation of marriage, bore children, attended to her ordinary household duties, purchased groceries and articles of necessity for her family with some care and judgment, exchanged lands, signed and acknowledged deeds in execution of the exchange, had lawsuits, and at one time gave her deposition in one of them, and since the judgment against her in this case has actually sold and conveyed the land embraced by the mortgage and received the purchase-price in money, her vendee displaying less care for his own protection than she exhibited in getting hold of all the purchase-money without paying off the mortgage, which she however agreed to do and has since done. The sale and conveyance subsequent to the judgment does not bar her right to prosecute this appeal. None of the decisions of this court hold that a defendant against whom judgment is rendered may not pay it and afterwards prosecute an appeal for its reversal.

But the facts of this record show that while she may not be bright or strong in intellect, and that she is a fit subject for the practices of an overreaching money lender, or the perpetrators of fraud, yet, as the issue of fraud is not raised by the pleadings or evidence, that she had mental capacity sufficient to know that she was executing a mortgage which would bind her land to pay her husband's indebtedness to the appellee's intestate. Leaving out of the consideration of the case the last sale and conveyance brought here by plea in bar of her appeal, the substantive facts support the conclusion that she had capacity to make the mortgage. The opinions of the various witnesses to the contrary, based upon no particular facts or circumstances that give them weight and significance, but upon general observation, can not be permitted to outweigh the many acts of ordinary intelligence which the evidence shows she did before she executed this mortgage.

The judgment must therefore be *affirmed*.

*Reid & Stone, for appellants.*

*R. Gudgell & Sons, for appellee.*

[Cited, *Stafford v. Tarter,* 29 Ky. L. 1184, 96 S. W. 1127.]