Fraser's ex'r v. Page, &c.

CASE 10—TRUSTEES—APRIL 17, 1884.

## Fraser's ex'r v. Page, &c.

82   73
106  797

APPEAL FROM ADAIR CIRCUIT COURT.

1. The right of one acting in a fiduciary capacity to apply to a court of Equity as to the application or distribution of funds in his hands, where all parties in interest can be heard, is unquestionable.
2. Having this right it would be a harsh rule that would hold the fiduciary liable for an error of the court, to which he had made his application.
3. The executors were not compelled to appeal from the judgment, but the devisees complaining should have prevented distribution by an appeal and supersedeas.

ALEX. P. HUMPHREY FOR APPELLANT.

This suit was originated by the executors. They came into court to be advised as to their duty. The question whether the conditional devise

was valid was certainly a doubtful one, and one which they could not be expected to decide at their own risk. They are not to be held responsible for an erroneous judgment. (Perry on Trust, sec. 928; 1 Met., Mass. Rep., 207.)

The court below erred in overruling appellant's motion to file the amended petition, suggesting that there was still land enough in the hands of the divisees to make the Pages equal.

W. L. PORTER AND W P. D. BUSH FOR APPELLEE

If the court below erred as is insisted upon by appellant we submit that this question cannot be raised upon this record.

But if this court holds otherwise we maintain that each of the said five devisees should be required to pay to said trustee, the one sixth of such amount as each received, with interest from the distribution.

The offer of appellants to surrender land which they could not surrender furnishes no defense of their action.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The original action in this case was instituted by the executors of Wm. Fraser, deceased, asking for a construction of his will in order that they might distribute the estate between those entitled. All the parties in interest were made defendants, and a judgment rendered. determining that one of the divisees was not entitled, and a distribution directed to be made. The court below excluded the devisee, Eunice C. Page, a daughter of the testator, upon the ground that the conditional devise to her was void. (The case is reported in 14 Bush, page 207.) The executors, in their petition, asked the Chancellor, in the event the devise was valid, as its payment depended upon a contingency, to appoint a trustee to hold the fund until the contingencies happened, but as the devise was adjudged void no trustee was appointed.

After this judgment the executors proceeded to settle the estate and make distribution between the

devisees in accordance with the judgment, and did in fact, as they allege, make a full and complete distribution.

The judgment of the lower court was rendered in the month of February, 1873, and appeal taken in the month of May, 1875. This court reversed the judgment of the lower court in September, 1878, holding that the devise was valid and that Eunice Page was entitled to her interest as devisee upon performing the conditions annexed to the devise and upon the contingency provided by the will. On the return of the cause to the lower court, and after filing the mandate of this court, the executors offered to file an amended petition setting up the fact of the distribution between the devisees as directed by the Chancellor below, and insisting that the devisee who had recovered the estate should contribute to make up the interest of the excluded devisee, Mrs. Page; the object of the amendment was to make the devisees liable to Mrs. Page and not the executors. The Chancellor, proceeding on the idea that the judgment of the lower court afforded the executors no protection, ascertained the value of the entire estate and directed the executors to pay one-sixth of the amount to a trustee, to be held by him for Mrs. Page in the event of her compliance with the provisions of the will of her brother, and if they failed to pay the same within a fixed period, a personal liability was imposed upon them and an execution directed to issue, to be levied, not of assets in their hands as executors, but upon their own estate, and from that judgment they have appealed.

The construction of the will of the testator was the

subject of controversy between the devisees and the executors, not willing to assume the responsibility of acting on their own judgment in making the distribution, sought the aid and direction of the Chancellor for that purpose. All the parties interested in the estate, either for or against the validity of the devise to Mrs. Page, were brought before the court, and a full opportunity afforded them of presenting to the Chancellor their views as to the proper construction of the devise in question. The trustees were not expected to run the risk, or incur a pecuniary liability in adopting the views of either party upon a question involved in so much doubt, and their only means for protection was in applying to the Chancellor, where all the parties, including themselves, could be instructed and directed as to the manner of distribution. The Chancellor said to the executors and the devisees that the devise to Mrs. Page was void and that it was the duty of the executor to divide the estate between the remaining devisees. They were compelled to obey the judgment of the court to which they had gone for advice. No appeal with supersedeas had been taken by the devisee deprived of her interest, and none presented, until two years after judgment, and in the meantime, the executors had proceeded to make distribution. The request of one acting in a judicial capacity, to apply to a court of equity in cases where doubts have arisen or exist in regard to the disposition of the funds in his hands, for instruction as to his duty, will not be questioned, and particularly where all the parties in interest have an opportunity to be heard. Having the right to apply to a court of equity for such a pur-

pose, it would be a singular rule that would adjudge the fiduciary liable, by reason of an erroneous judgment by the court, whose aid it was not only his right, but his duty to invoke.

Perry on Trusts, says, sec. 928 :

"A trustee cannot be expected to incur the least risk in the distribution of the trust fund  *  *  *  so when equities are not perfectly clear the trustee may decline to act without the sanction of the court, and his costs and proper expenses will be allowed. The trustee himself will be protected by the decree of any court having jurisdiction, and examining the jurisdiction regularly upon proper notice given,  *  *  *  BUT if parties receive the money who are not entitled, they are not protected, although the trustee paid the money to them under a decree of the court and is protected personally by the decree."

In Loring's Adm'r v. Stenman, 1 Met., Mass., the court said . "We entertain no doubt that the judgment of a proper court duly made after such notice as the statutes requires, or if they require no notice, then after such notice as the court, in its discretion and under the circumstances, may think proper to order, must be deemed in its nature so far conducive as to protect the administrator in good faith in conformity to it."

The executors in this case were not compelled to appeal from the judgment, but the devisees in interest, not satisfied with the decision, should have prevented distribution by the execution of a supersedeas or taken such steps as would protect their interests in the estate. This they failed to do and must

therefore look to the devisees to make up the devise
and not the executors. There is no allegation of bad
faith or any other question involved except the right
of the appellants to file the amended pleading.
The trustee of Mrs. Page is entitled to one-sixth
part of the estate, and its income, less her proportion of
the expenses incurred in the settlement. If there is
land to be divided, and this was the principal part of
the estate, Mrs. Page, or the trustee, must have an
equal interest with the other devisees, and they must
account to the trustee for the rent, if any has been re-
ceived, or its value, if used by the devisees. If the
land has been used and no division in kind can be
made then the value, with the interest, must be paid.
As to the money distributed, the trustee is entitled to
one-sixth of the amount with interest. The method
of distribution, or of contribution, required of the
devisees will depend upon the condition of the estate
received by them, and it is difficult to give any spe-ific
directions upon the facts before us. Theh Cancellor is
left to give to the trustee of Mrs. Page one-sixth of the
estate, and must give it in such a manner as to make
all equal. Under the provisions of the will Mrs. Page
is not entitled to the principal or interest until the per-
formance of the condition imposed, but it must be
controlled by the trustee subject to the direction of
the Chancellor. The value of the estate as fixed by the
judgment below, as well as the allowance to the exe-
cutors, must all be reversed, and the case left as if no
judgment had been rendered. The controversy now is
between the devisees, and their rights should not be
determined by the judgment against the executors.

This is not intended to preclude the appellees from filing any pleading in response to the amended petition offered by the executors willing to make them, for proper reasons, personally liable. The amended petition offered by the executors should be permitted to be filed, and the case is remanded for proceedings consistent with the opinion. The costs of this appeal when paid by the appellees, should be charged against the estate and paid by the devisees.

Judge Lewis not sitting.