Nashville, C. & St. L. Ry. Co. v. Bean's Exr.

CASE 72.—ACTION BY W. A. BEAN'S EXECUTOR AGAINST
THE NASHVILLE, CHATTANOOGA & ST. LOUIS
RAILWAY CO.—April 17.

## Nashville, C. & St. L. Ry. Co. v. Bean's Exr.

Appeal from Marshall Circuit Court.

W. M. REED, Circuit Judge.

Judgment for plaintiff, defendant appeals—Motion
to dismiss appeal overruled.

1. Appeal—Right of Review—Waiver—Payment of Judgment.—
Even if a defendant in a judgment has paid the judgment,
he may prosecute an appeal, and, if it is reversed, he may
have restitution of what he has paid, with interest.
2. Same—Effect on Judgment.—The taking of an appeal does
not affect the judgment until it is reversed.
3. Same—Right of Appeal—Waiver—Replevying Judgment.—The
exercise of the privilege expressly given a judgment debtor
by Ky. St. 1903, sections 1667-1669, to replevy a money judg-
ment by executing a bond, except in certain cases, and thereby
stay it for three months, while it merges the judgment in the
replevin bond, does not affect the debtor's right of appeal.

WHEELER, HUGHES & BERRY for appellants.

HENDRICK, MILLER & MARBLE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR.

Appellee recovered a judgment for money against
appellant. Without superseding the judgment, ap-
pellant has prosecuted this appeal.

Appellee having caused an execution to issue upon the judgment and to be levied upon certain of appellant's property, the latter replevied the judgment by executing bond as authorized by sections 1667-1669, Ky. St. 1903. The judgment was replevied after the appeal was granted and transcript filed in this court. Appellee has filed an answer in bar of the appeal, based upon section 757 of the Civil Code of Practice, which provides that the appeal shall be dismissed if the appellant's right to further prosecute it had ceased. He contends that as the Code provides for a stay of proceedings upon a judgment appealed from by supersedeas only (section 747, Civ. Code Prac.), and as the effect of the replevy is to merge the judgment, it is a voluntary waiver by appellant of its right to appeal, as holding otherwise would be a stay of a judgment on appeal by replevy in addition to supersedeas. A defendant in a judgment may prosecute an appeal from it, although he may have paid it. Eldridge v. Wilson, 4 Ky. Law Rep. 982; Figg v. Richardson, 5 Ky. Law Rep. 510; Shannon v. Padgett, 71 S. W. 487, 24 Ky. Law Rep. 1281; Pike, Morgan & Co. v. Wathen, 78 S. W. 137, 25 Ky. Law Rep. 1264; Kellar v. Williams, 10 Bush, 216.

The appeal does not affect the judgment until it is reversed. Hence, if the appellant were unable to give the supersedeas bond required by the Code in order to obtain a stay of the execution pending the appeal, he would be under the necessity of suffering his property to be seized and sold by the sheriff, with added costs and possible sacrifices. Yet in that event his right of appeal would not be affected, as otherwise the right of appeal would be valuable only to the rich, who could make the supersedeas bond, and to the very poor, who were execution proof. What one may be

compelled to do, he may do without compulsion, without impairing his legal rights. So it is held, if he pays off the judgment, he may nevertheless prosecute an appeal from it, and, if it is reversed, may have restitution of what he has paid, with interest. The statute allows any judgment for money (except in certain instances not here involved) to be stayed for three months by replevy. This is not only a privilege, but it is a legal right of the defendant, as much as it is the right of the plaintiff to have an execution against the defendant's property issue upon the judgment. The judgment is subject to that right of the defendant. The latter may appeal from it, if the amount gives the appellate court jurisdiction. That is also an incident of the law which gives the judgment. There is no prohibition upon the right of appeal, either because the defendant pays off the judgment or replevies it.

Nor is there perceived any sound reason why there should be a distinction in favor of those who pay as against those who replevy. It is said for appellee that the execution of the replevin bond merges the judgment; and so it does. Likewise the payment satisfies it. A judgment merged into a replevin bond is no more beyond the corrective process of the appellate court than one discharged by payment. It is argued by way of illustration that the execution of a replevin bond by one of the judgment debtors would operate to discharge a surety upon the debt not signing the bond, or to discharge a lien securing the debt. So would the payment of the judgment. We think the analogy is clear and the principle just that the replevy and payment alike do not affect the defendant's right of appeal. Kellar v. Williams, 10 Bush, 216.

The demurrer to the answer of appellee is sustained, and his motion to dismiss the appeal is overruled.