## Torian, et al. v. Caldwell, et al.

(Decided January 12, 1916.)

### Appeal from McCracken Circuit Court.

1. Bonds—Having Force and Effect of Judgment.—Every bond taken on the sale of property under an order or judgment in chancery, or on the sale of property under execution, and every replevin and forthcoming bond has the force and effect of a judgment, and upon which, if not paid at maturity, an execution may issue.

2. Damages—Exemption From Liability.—As a general rule, one who has a right to do a thing, and in the doing of it exercises ordinary care to avoid injury to others, is free from liability for damages.

3. Execution—Indemnity Not Required in Sale of Land.—No bond of indemnity can be required by the sheriff to sell lands.

4. Execution—Lien, Levy and Custody of Property.—By a levy and sale of land neither the sheriff nor the purchaser acquires possession or control of the property, either in fact or in law.

5. Execution—When Equitable Title to Land Not Subject to Levy.— The land of an execution defendant, to which he has only an equitable title, is not liable to levy nor sale under the execution.

6. Judgment—Remedy for Erroneous Judgment.—The remedy for an erroneous judgment, which was rendered by a court having juris-diction of the subject matter and the parties, is an appeal. It can not be collaterally attacked by the parties or their privies, but is binding until reversed, set aside or annulled, in one of the ways provided by law.

7. Judgment—Presumption That Necessary Parties Were Before Court.—Where it is alleged in a pleading that a court, having juris-diction of the subject matter, rendered a judgment in an action pending in the court, it will be presumed that the court proceeded according to law, and that the necessary parties were before the court, in the absence of an allegation to the contrary.

8. Judgment—Requisites and Validity.—Until a judgment has been reversed, vacated or modified, in some one of the ways provided by law, the parties can not refuse to obey it nor indemnify them-selves against its legal consequences by subsequent litigation.

DAVID BROWNING for appellants.

W. M. HUSBANDS for appellee, S. B. Caldwell.

S. B. CALDWELL and WHEELER & HUGHES for appellees, George W. Houser and William Schmaus.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellants, Thomas H. Torian and Inez Torian, by their petition and amended petition, which they filed in the McCracken circuit court, against the appellees, S. B. Caldwell, Cecil Reed, George W. Houser and William Schmaus, alleged, in substance, that S. B. Caldwell obtained a judgment against them for a sum of money and for the sale of a house and lot, which they owned and occupied as their home, for the satisfaction of such personal judgment; that upon the sale of the house and lot by virtue of the judgment, the appellant, Thomas H. Torian, became the purchaser of the property and executed a bond for the price of the property to the master commissioner of the court, with sureties; that upon maturity of the sale bonds, he failed to pay same, and thereafter the appellees, S. B. Caldwell and Cecil Reed, who was the master commissioner of the court, wrongfully and without any authority of law procured the clerk of the circuit court to issue an execution upon the bond for the amount of same against the appellants, and placed it in the hands of the appellee, George W. Houser, who was the sheriff of the county, and wrongfully directed and procured him to levy the execution upon the house and lot, which he thereafter wrongfully sold under and by

virtue of the execution, when the appellee, William Schmaus, became the purchaser of it, and paid the purchase price to the said sheriff. Thereafter, the appellee, Schmaus, sued the appellee, Houser, as sheriff, and secured a judgment against him for a writ of mandamus, and thereby compelled him to execute a deed to him, appellee Schmaus, by which the sheriff conveyed the title to the house and lot to Schmaus; that Schmaus, also, applied to the court for an order awarding to him a writ of possession for the property, which was granted by an order of the court; that the writ of possession was placed in the hands of the appellee, Houser, as sheriff, for execution; that by reason of said orders and judgment of the court, appellants were deprived of their house and caused to surrender and abandon it, and were dispossessed and put out of it; that they were caused great inconvenience and expense in moving from their house, and were compelled to and did rent another house at an expense of $——; that by the wrongful issual of the execution, sale and ejectment from the house and lot, their reputations were damaged; that they were caused great annoyance and inconvenience, expense and attorney's fees, worry and trouble; that a long time elapsed after the sale, and while the mandamus proceedings were pending for a deed, and proceeding for a writ of possession, and during this time they were prevented from handling and selling the property and paying the judgment against them, which they could and would have done; and that the appellant, Inez F. Torian, because of the worry, excitement and annoyance of the sale and ejectment, was caused to give premature birth to a child, with which the appellees knew her to be *enceinte,* and from which she suffered physical pain and anguish and permanent injury; was confined to her bed for several weeks, and incurred medical and drug bills to the amount of $——, and in all suffered damages in the sum of ten thousand dollars, which they prayed to recover of appellees.

The petition as amended, further, alleged that the execution was issued and the levy and sale made maliciously, wrongfully and corruptly, and was not done by the authority of any order or judgment of a court.

By an exhibit filed with the amended petition and made a part of it, it appears that the sale of the house

and lot under the execution was made before appellant, Thomas H. Torian, had paid any part of the purchase price, and before he had received a deed for same under the purchase made by him at the decretal sale. The court below sustained a general demurrer to the petition, and the petition as amended, and the appellants declining to plead, further, adjudged that the petition, as amended be dismissed, to which appellants, excepted and prayed an appeal to this court.

The only question presented by this appeal for determination is whether the petition, as amended, stated facts sufficient to constitute a cause of action in behalf of appellants against the appellees.

Section 1676, sub-sections one and two, Ky. Statutes, provides that every bond taken on the sale of property under an order of judgment in chancery, or on the sale of property under execution, and every replevin and forthcoming bond shall have the force and effect of a judgment, and upon which, if not paid at maturity, an execution may issue. The appellants expressly alleged that the bond upon which the execution issued was past due, and the action of appellee, Caldwell, the beneficiary of the bond, and appellee, Reed, to whom, as an officer of the court, the bond was made payable, and whose duty it was to collect same, were clearly within their legal rights conferred upon them by the statute, *supra,* in procuring the execution to be issued. Generally, one who has a right to do a thing and in the doing of it exercises ordinary care not to injure another, is free from any liability for damages. It was the duty of appellee, Houser, as sheriff, to enforce the execution and to collect it, if necessary, by a levy and sale of the property of the defendants in the execution. He could, however, only levy upon and sell property which under the law was subject to a levy and sale under execution of *fieri facias.* If the property sought to be sold is personal property, and the sheriff doubts whether it is subject to execution, he may, before levying the execution, refuse to levy the execution until an indemnifying bond is given, or if he has levied the execution and his demand for a bond of indemnity is ignored, he may return the property to the execution defendant, and refuse to make a sale of it. There does not seem to be any provision of the law authorizing the sheriff to require or to accept a bond of indemnity for levying upon or selling real

estate, and the reason is apparent. When the sheriff levies upon personal property he must take possession of it, and if he makes a sale of it, he must deliver the possession to the purchaser, but by the levy and sale, or either, of land, the sheriff nor the purchaser acquires neither possession nor control of the property, either in fact or law. He can not deliver the possession to the purchaser. The purchaser at an execution sale of land by virtue of the levy and sale, can not evict the one in possession, nor can the purchaser, by a transfer of his bid or title, authorize any one else to evict the execution defendant. The one whose land is sold at an execution sale can not be disturbed in his possession, enjoyment and control of it until he has been evicted by a writ of possession. Addison v. Crow, 5 Dana, 275; Buckner v. Fleming, 5 R., 607; McBurnie v. Overstreet, 8 B. M., 303; section 1689, Ky. Statutes. The conveyance of the lands, which are sold under execution, to the purchaser by the sheriff does not give to the purchaser possession of the land. Before the purchaser of lands, at an execution sale, can obtain possession of them he must first obtain a conveyance for the lands, and then give the execution defendant ten days' notice in writing of his intention to move the court for a judgment for the possession of the lands, and, if upon the hearing, the court should be of the opinion that the claimant is entitled to the possession, it will so adjudge and award a writ of possession. Upon the hearing of this motion the execution defendant will be heard to put forward any lawful reason why a judgment for the possession should not be rendered, including any defenses resting upon the invalidity of the sale. Section 1689, Ky. Statutes, *supra*. If the sale is invalid, the owner or occupant of the land has suffered no injury from the levy and sale. In the case at bar, the sheriff could not lawfully levy upon nor make a valid sale of the house and lot, because the execution defendant was not the owner of the legal title to the land. 1681, Ky. Statutes; Schmaus v. Wittmore, 155 Ky., 338, 159 S. W., 947; Goodin v. Wilson, 24 R., 1521; Newson v. Kurtz, 86 Ky., 277; Whitaker v. Cornett, 21 S. W., 645. The appellants only had an equitable title at the time of the levy and sale. They do not allege that this invalid levy and sale of the land in any wise disturbed their enjoyment or possession of the house or lot. Their power to sell whatever interest or right

they had in the house and lot was not affected by the levy nor the sale. The levy and sale under the execution being wholly invalid and unenforcible, and no disturbance of the possession or uses of the property by reason of it having occurred or could have occurred, no damages could have been suffered from it.

The appellants, however, allege that appellee, Schmaus, who was the purchaser at the execution sale, by means of a suit, secured a judgment of the court requiring the appellee, Houser, as sheriff, to convey the lands to him, and thereafter applied to the court for a writ of possession, which the court adjudged to him, and that armed with this writ, the appellee, Houser, evicted them from the premises. It is not alleged that appellees, Caldwell or Reed, had any connection with obtaining the writ of possession or evicting the appellants from the premises. The judgment of the court requiring the appellee, Houser, as sheriff, to convey the house and lot to appellee, Schmaus, and the judgment determining that Schmaus was entitled to the possession of the property and awarding the writ of possession, were, without doubt, erroneous. They were not void, because the court had jurisdiction of the subject matter and the parties. It is not alleged that the appellants were parties to the proceeding in which appellee, Schmaus, procured the writ of possession to be granted to him, but it is alleged that the appellee, Schmaus, applied to and obtained a judgment of the court to the effect that he was awarded a writ of possession, and in the absence of any allegation that the appellants were not duly served with notice of the proceedings, it will be presumed that the court proceeded in accordance with the statute, and that appellants were duly made parties. An erroneous judgment, where the court had jurisdiction of both the subject matter and the parties, can not be the subject of collateral attack from the parties or their privies. The remedy of appellants was by appeal, and they were bound by the judgment until it is reversed, set aside or annulled, as provided by law. A process issued by virtue of a judgment of a court having jurisdiction of the subject matter and the parties, the appellee, Houser, as sheriff, had no other choice, except to obey. If appellee was not guilty of some abuse of the writ in the manner of the execution of it, he is not liable for any damages on account of having executed it, and there is no al-

legation that he in any way performed his duty in executing the writ, other than in a proper way. The appellee, Schmaus, obtained the writ of possession by a judgment of the court. The court is not an agent of a litigant and the litigant can not be made responsible for the consequences of an erroneous judgment. In Clark v. Rodes, 12 Bush, 16, it was said:

. "A judgment is a final and conclusive determination of the rights of the parties to the litigation, and until it be reversed, vacated or modified in some one of the ways provided by law, the parties can not refuse to obey it; nor can they, by subsequent litigation, indemnify themselves against its legal consequences."

Freeman on Judgments states the rule as follows:

"A subsisting judgment, though afterwards reversed, is a sufficient justification for all acts done by plaintiff in enforcing it prior to the reversal."

This seems to be the well-established rule. Frazier's Exr. v. Page, 82 Ky., 73; Dudley v. Beatty, 5 R., 773; Schulz v. Beatty, 6 R., 662; Bridges v. McAllister, 106 Ky., 791.

It is therefore ordered that the judgment appealed from be affirmed.