## Justice et al. v. Justice et al.

(Decided February 23, 1932.)

CHILDERS & BOWLES for appellants.

E. J. PICKLESIMER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On October 11, 1912, A. E. Justice and Vicy Justice conveyed to W. H. Justice, Jr., a tract of land in Pike county, excepting and reserving a right of way for railroad purposes. In February, 1929, the grantors gave to the Levisa River Railway Company an option to pur-

chase the described right of way over the land conveyed and this option was accepted by the railroad. Thereupon A. E. Justice and Vicy Justice brought suit for specific performance of the contract. The railroad denied the title of the plaintiffs, and pleaded that they were unable to comply with their agreement. There was pending at the same time a condemnation proceeding by the railroad, and this proceeding was transferred to the circuit court to determine the matter of title. That proceeding was consolidated with the suit for specific performance, and the railroad deposited with the master commissioner $3,000 in payment of the amount adjudged against it for the right of way. W. H. Justice, Jr., and Maude Justice, to whom W. H. Justice had conveyed the land, were made parties, and filed an answer and cross-petition, and an amended answer and cross-petition pleading in substance that the reservation in the deed to W. H. Justice, Jr., was void, and that they were entitled to the $3,000. To the answer and cross-petition as amended a demurrer was sustained, and the cross-petitioners having declined to plead further judgment was rendered directing the master commissioner to pay the $3,000 to A. E. Justice and V. E. (Vicy) Justice, who were also adjudged their costs. On appeal it was held that the reservation was void for uncertainty, and that the court improperly adjudged A. E. Justice and V. E. Justice were entitled to the $3,000, and the judgment was reversed with directions to enter judgment consistent with that conclusion. Justice v. Justice, 239 Ky. 155, 39 S. W. (2d) 250. On the return of the case A. E. Justice and V. E. Justice filed an answer to the cross-petition of W. H. Justice, Jr., and Maude Justice. To that answer a demurrer was sustained, and A. E. Justice and V. E. Justice having declined to plead further, the answer was dismissed and it was adjudged that A. E. Justice and V. E. Justice should return to the master commissioner the $3,000, and upon their failure so to do W. H. Justice, Jr., and Maude Justice might either proceed by rule or have an execution issued against A. E. Justice and V. E. Justice for said sum of money together with interest and costs of the action. From that judgment A. E. Justice and V. E. Justice appeal.

As our ruling on the former appeal was to the effect that the demurrer to the amended answer and cross-petition of W. H. Justice, Jr., and Maude Justice should

have been overruled, it was proper for the court to permit A. E. Justice and V. E. Justice to file an answer to that pleading. In the circumstances the only question for consideration is whether the answer stated a defense to the cross-petition. Briefly stated, the facts relied on in the answer are these: The tract of land conveyed to W. H. Justice, Jr., contained approximately 100 acres. While the deed expressed a consideration of $400, only $200 was paid or to be paid, and the real consideration for the conveyance was the love and affection which A. E. Justice and V. E. Justice had for W. H. Justice, Jr., who was their son. The said tract of land at the time they gave it to W. H. Justice, Jr., was worth more than the $3,000 which the Levisa River Railway Company paid for the right of way. Since the deed to the land on which the right of way was located was a gift of A. E. Justice and V. E. Justice to W. H. Justice, Jr., their son, W. H. Justice, Jr., and Maude Justice, who claims through and under him, are estopped and precluded from recovering any part of said right of way, or the money arising therefrom. The judgment adjudging A. E. Justice and V. E. Justice to be the owners of the right of way, and entitled to the proceeds arising from the condemnation, was not superseded, and was in full force and effect at all times until it was reversed and the mandate filed. All things done under and pursuant to said judgment before it was reversed were valid and binding.

The point is made that the facts pleaded in the first part of the answer bring the case within the purview of sections 2351 and 2352, Kentucky Statutes, providing in substance that, where a vendor conveys with covenant of general warranty a greater interest in land than he possesses, and thereafter a claimant of the land, who has received any estate by gift, advancement, descent, devise, or distribution, from the vendor, attempts to recover the land from the vendee, he will be barred of recovery to the extent of the value of the estate so received. Foreman v. Lloyd, 156 Ky. 772, 162 S. W. 83. There would be merit in this contention if the case were one where A. E. Justice and V. E. Justice had conveyed to the Levisa River Railway Company a greater right or estate than they could lawfully pass or assure, and W. H. Justice, Jr., was trying to recover the excess of the railroad company; but no such case is presented. There is no contest between the railroad and W. H. Justice, Jr. The rail-

road has paid for the land, and all that it wants is a good title. The only contest is between A. E. Justice and V. E. Justice on the one hand, and W. H. Justice, Jr., and Maude Justice on the other hand. As between them it is wholly immaterial whether the land conveyed by the original deed to W. H. Justice, Jr., was transferred for a valuable consideration, or was a mere gift. In either event the grantee, W. H. Justice, Jr., and Maude Justice, his successor in title, may challenge the validity of the reservation contained in the original deed.

As we understand the latter part of the answer, it is an attempt to plead that as the original judgment directed the master commissioner to pay the $3,000 to appellants, and that judgment was never superseded, appellants were entitled to keep the money although the judgment was reversed. It is the rule that a subsisting judgment, though afterwards reversed, is a sufficient justification for all acts done pursuant to the judgment. Torian v. Caldwell, 167 Ky. 670, 181 S. W. 373. But all that this means is that a party or an officer, who acts in obedience to a judgment before it is superseded or reversed, cannot be held accountable for his acts. Thus in Bridges v. McAlister, 106 Ky. 791, 51 S. W. 603, 21 Ky. Law Rep. 428, 45 L. R. A. 800, 90 Am. St. Rep. 267, it was held that one who, in obedience to an unsuperseded judgment, filled up a drainage ditch, was not liable in damages for flooding plaintiff's premises; and in Fraser's Ex'r v. Page, 82 Ky. 73, 5 Ky. Law Rep. 790, that an executor, who had paid out a fund under a judgment which was not superseded, but which was afterwards reversed, was protected for acts done while the judgment was in force. Under that rule the master commissioner who paid the $3,000 to appellants would be protected. But the rule does not go so far as to protect a party to whom money was paid under an unsuperseded judgment which was afterwards reversed. On the contrary, the general rule on the subject is that on the reversal of an erroneous judgment, the law raises an obligation against one who has received the benefit thereof to make restitution to the other party of any money or property that may have been received. 2 R. C. L. 291; Porter's Heirs v. Robinson, 3 A. K. Marsh 253, 13 Am. Dec. 153; Talbott's Ex'rs v. Bell's Heirs, 5 B. Mon. 320, 43 Am. Dec. 126; Gregory v. Litsey, 9 B. Mon. 43, 48 Am. Dec. 415; Morgan v. Hart, 9 B. Mon. 79; Hess v. Deppen, 125 Ky. 424, 101 S. W. 362, 31 Ky. Law Rep. 15, 15 Ann. Cas. 670; Nashville,

C. & St. L. R. Co. v. Bean's Ex'r, 128 Ky. 758, 109 S. W. 323, 33 Ky. Law Rep. 114, 129 Am. St. Rep. 333.

As the original judgment directing the master commissioner to pay the $3,000 to appellants (on this appeal) was reversed on the ground that appellants were not entitled to the money, and remanded with directions, and as the court pursuant to those directions, and after sustaining a demurrer to the answer of appellants to the cross-petition of appellees, correctly held that appellants were not entitled to the money, it was proper for the court to require appellants to return the money to the master commissioner, and in the event of their failure or refusal to do so within ten days, to authorize appellee to proceed either by rule or by execution.

But the point is made that no judgment requiring appellants to restore the money should have been entered as there was no showing that the money had ever been paid to them. In the absence of anything to the contrary, it will be presumed that the master commissioner obeyed the order of the court, but if, as a matter of fact, the money was not paid to appellants, that fact on being manifested to the court will relieve them from the liability to pay.

Other questions are discussed in the brief for appellants, but all of them are concluded by the opinion delivered on the former appeal.

Judgment affirmed.