## Peoples Building & Loan Ass'n v. Wagner et al.

April 18. 1944.

Robert J. Watson and E. P. Nicholson, Jr., for appellant.

Henry L. Bryant and F. R. Whalin for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is the second appeal of this case. The opinion on the former appeal is reported in 292 Ky. 691, 167 S. W. 2d 825.

On August 17, 1926, Matt Wagner and his wife, Cora B. Wagner, executed to the Peoples Building & Loan Association a mortgage on a parcel of real estate owned by Cora B. Wagner to secure a loan of $800. Cora B. Wagner died intestate, leaving surviving her her hus-

band and eight infant children. The debt matured December 13, 1929, and the Peoples Building & Loan Association brought an action against Matt Wagner and his eight children to enforce its lien. Judgment was rendered January 24, 1930, in favor of the plaintiff, and the master commissioner was directed to sell the mortgaged property. At the sale the plaintiff became the purchaser at the price of $800. On April 18, 1941, the eight children who had been named defendants, six of whom had arrived at the age of 21 years, moved to redocket the case and to set aside the judgment on the ground that it was void. The circuit court was of the opinion that the judgment was merely erroneous and not void, and overruled the motion to set it aside. On appeal this court reversed the judgment overruling and dismissing the motion to set aside the judgment of January 24, 1930, held that the judgment ordering the sale of the land was void, and directed that it be set aside. When the mandate of this court was filed in the circuit court, William Standifer and Garrett Redmon were in possession of the property which had been purchased by the Peoples Building & Loan Association at the sale held in 1930 under the void judgment, and notice was served on them and Corina Campbell, tenant of William Standifer, as well as on the Peoples Building & Loan Association, that the defendants would, on the first day of the March, 1943, term of the Bell circuit court, file the mandate of the Court of Appeals and thereupon move to set aside and hold for naught the judgment of January 24, 1930, the deed executed by the master commissioner to the Peoples Building & Loan Association and all subsequent deeds, and would ask for an order directing the occupants of the property in question to vacate same and to restore its possession to the defendants. William Standifer and wife and Garrett Redmon and wife filed intervening petitions asking to be made parties defendant in the action, and the Peoples Building & Loan Association filed an amended petition in equity setting forth the mortgage of August 17, 1926, and various sums paid by it for taxes and repairs subsequent to its purchase of the property in 1930 under the void judgment, and asking that the property be sold to satisfy its lien. In a stipulation filed by the parties, it is stated that the Peoples Building & Loan Association conveyed the property to Garrett Redmon and wife on April 15, 1940, and Redmon and wife conveyed a part of the property to

William Standifer and wife on July 19, 1941. On April 23, 1943, the defendants' motion that the occupants of the property be directed to vacate same was sustained, and they were ordered to surrender possession immediately to the defendants. In the event they failed to comply with the order, the clerk was directed to issue a writ of possession for the property on request of the defendants. On April 28, 1943, the court issued a rule against the occupants of the property requiring them to show cause why they should not be held in contempt for failing to vacate it. On April 30, 1943, they filed a response to the rule in which they stated that they had been unable to find another place of abode, but were endeavoring to do so and if given a reasonable length of time would comply with the orders of the court. An order was entered giving the parties until May 6, 1943, to comply with the order directing them to vacate the property, but before that date this appeal was taken and a supersedeas bond was executed.

It is insisted that the mortgagee, Peoples Building & Loan Association, acquired possession of the mortgaged premises in a peaceful manner, and that it and those holding under it are entitled to retain possession until the debt is paid in full. The Peoples Building & Loan Association, plaintiff in the action, obtained possession of the property by reason of the void judgment. All subsequent deeds and proceedings were based on that judgment which constituted sufficient justification for all acts done in its enforcement until it was reversed or set aside. When a void judgment is set aside, the law raises an obligation against the party to the record who has received the benefit thereof, or one in privity with him, to make restitution to the other party of all property received under it. Justice v. Justice, 242 Ky. 553, 46 S. W. 2d 1080; Nashville, Chicago & St. Louis Railway Company v. Bean's Ex'r, 128 Ky. 758, 109 S. W. 323, 129 Am. St. Rep. 333; Hess v. Deppen, 125 Ky. 424, 101 S. W. 362, 15 Ann. Cas. 670. In Restatement of the Law of Restitution, Section 74, the rule is stated thus: "A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess."

In Comment e it is said: "If the property of the judgment debtor was awarded to the judgment creditor, or if the judgment creditor purchased it upon execution sale, the judgment debtor is entitled to specific restitution, together with the value of its use in the meantime, diminished by expenses necessarily incurred in the protection of the property and the payment of taxes and liens, but not including the expense of improvements * * *."

In Comment j it is said: "If the judgment reversed was void, a transferee from the judgment creditor obtains no rights thereby and is under the same duty of restitution to the judgment debtor as would be the judgment creditor * * *."

A party who has been deprived of property under a void judgment is entitled to restitution although the reversal or the setting aside of the judgment does not terminate the litigation. Except under certain circumstances which are not present here, he is entitled to be restored to the position he occupied when the judgment was rendered. It is no answer to his motion to have the property restored to him to say that on a final hearing of the cause it will again be adjudged that he surrender that of which he now seeks restitution. To so hold would be to prejudge the case. 3 Am. Jur., Appeal and Error, Sec. 1243; Carroll v. Draughon, 173 Ala. 327, 56 So. 207; Id., 173 Ala. 338, 56 So. 209. Cf. Drury v. Franke, 247 Ky. 758, 57 S. W. 2d 969, 88 A. L. R. 917.

The judgment is affirmed.