# Finch et al. v. Commonwealth ex rel. Commonwealth Attorney et al.

May 4, 1948.

Oscar M. Smith and W. S. Jones for appellants.

H. G. Davis and G. S. Weathers for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

Upon relation of the Commonwealth Attorney and the County Attorney directly interested, The Commonwealth of Kentucky, our present appellee, sued J. H. Finch and V. L. Fox, our present appellants, to obtain judgment on a $500 peace bond signed by them. The trial court having sustained a general demurrer to the answer of appellants and having, upon their declination to plead further, rendered judgment for appellee, the bondsmen now bring us this appeal.

Finch and Fox contend that the judgment should be reversed because the trial court erred in sustaining the general demurrer to their answer which set up, they say, legal defenses.

It appears that this bond, which was in favor of the Commonwealth, was executed on February 4, 1946, before the Judge of the Todd County Court in guarantee that Finch, who had been arrested on his wife's com-

plaint that he had threatened her life, would during one year keep the peace and maintain good behavior. Fox was a surety signer. It also appears that this bond was never transmitted to Todd Circuit Court but that it remained there in the Todd County Court where it was executed. Within one month Finch had killed one D. C. Jackson. Within two months Finch had been indicted for wilful murder. Within fifteen months Finch had been adjudged guilty of voluntary manslaughter. He prosecuted no appeal from the felony judgment.

Appellants' answer, which is the specific subject of our judicial scrutiny on this appeal, pled, in general substance, that this bond was a nullity (A) because the bond had not been transmitted by the Todd County Court to the Todd Circuit Court and (B) because Finch had not been convicted within the bond's one year tenure and (C) because Finch had really been innocent of any felony in spite of the judgment to the contrary.

Appellants contend that this bond should have been transmitted by the Todd County Court to the Todd Circuit Court because the wording of Sections 385 and 386, Ky. Criminal Code of Practice, requires a ''magistrate'' to ''return'' this type of bond to his circuit court clerk after its execution and before the next circuit court term, particularly so because Sec. 26, Ky. Criminal Code of Practice, says that a county court judge is a magistrate. But we notice that Sec. 385, Ky. Criminal Code of Practice, in prescribing a routine for this manner of preventive justice immediately distinguishes, in the first two sentences, between county courts and other magisterial courts, thereby indicating that a *county judge magistrate* shall do one thing, viz., take a one year peace bond without transmitting it, while a *justice of the peace magistrate* shall do another thing, viz., take a peace bond for the interim preceding the next circuit court term and then transmit it to the circuit court clerk. In construing these code provisions, it would be well for us to remember that while all county judges are magistrates, yet all magistrates are not county judges. Some magistrates are justices of the peace. The latter must transmit peace bonds. But county judge magistrates are not required to do so. Therefore, we believe that the nontransmittal of this bond, which the law did not require otherwise, according

to our interpretation, did not constitute any defense for these appellants nor nullify this bond.

Appellants also contend that there was no breach of this bond because Sec. 391, Ky. Criminal Code of Practice, requires, they say, that there must be a judicial conviction within the bond's tenure in order to constitute such a breach. They point out that Finch was not convicted of any charge whatever before time terminated this bond at the end of one year. But we cannot agree with appellants in their construction of Sec. 391, Ky. Criminal Code of Practice, which defines one breach, among others, as follows: "A judicial conviction of the defendant of a felony within the time specified in the bond, etc."

The clause, "within the time specified in the bond," modifies, we think, *felony* rather than *conviction*. It is the *felony* that is hateful and obnoxious and hostile to the bond's guarantee. The conviction is only a necessary finger pointing out the breach, while the breach itself consists of the bond's desecrated honor as sullied by a committed felony. The bond was not intended to guarantee against a year's freedom from conviction. Sometimes a conviction, in this free country and under "due process," may take place several years after the crime itself. The bond was intended to guarantee against a year's misbehavior. The Commonwealth, in taking this bond, was not interested in Finch's length of "due process" but was quite interested in Finch's Christian soldiership during a period of one year. Later events proved that such soldiership did not pass inspection. Therefore, we believe that the nonconviction within a year on felony charge against Finch did not constitute any defense for these appellants nor nullify this bond.

Appellants lastly contend that Finch was in reality innocent in the felony case because he killed Jackson, they say, only in self defense and that accordingly there was no actual breach of this bond. To sustain appellants' contention in this respect we would now have to say that Finch's felony case, which is at present no more in sight of this court than Mt. Everest, was one of iniquity in some unknown error of its way. But it is needful to remember that a judgment, such as the Com-

monwealth's judgment against Finch on felony charge, is a final and conclusive determination of the rights of the parties to the litigation until such judgment is reversed, vacated or modified according to law. Torian v. Caldwell, 167 Ky. 670, 181 S. W. 373. In accordance with this viewpoint, George Washington would *legally* be a traitor if he stood before us in the shadow of an unappealed judgment to that effect, while Benedict Arnold would *legally* be a patriot if he stood before us in the sunlight of an unappealed judgment to this latter effect. Therefore, while the Lord will be his final judge, yet Finch must now stand before us as one legally guilty of a felony within the time of his peace bond and against its guarantee. Therefore, we believe that the protested innocence of Finch as to the felony conviction against him did not constitute any defense for these appellants nor nullify this bond.

We have carefully considered all the pleadings and all the briefs before us and have concluded that while appellee's petition stated a good cause of action, yet appellants' answer stated no good defense, and that accordingly no error was committed in the court's rulings on demurrer in this case.

Wherefore, for the reasons recited, the trial court's judgment is now hereby affirmed.