RENDERED:  DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0259-MR

CUT AND SHOOT, L.L.C. AND
MEREDITH L. LAWRENCE                                                                    APPELLANTS

v.
APPEAL FROM GALLATIN CIRCUIT COURT
HONORABLE JAMES R. SCHRAND, JUDGE
ACTION NO. 14-CI-00055

BINGHAM, GREENEBAUM, DOLL,
L.L.P.                                                                                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CALDWELL AND MAZE, JUDGES.

CLAYTON, CHIEF JUDGE:  Cut and Shoot, L.L.C. and Meredith L. Lawrence

(collectively, "Lawrence") appeal from the Gallatin Circuit Court's orders

requiring Bingham, Greenebaum, Doll, L.L.P. ("Bingham") to pay restitution to

Lawrence in the amount of $299.03 and denying Lawrence's Kentucky Rule of

Civil Procedure ("CR") 59.05 motions.  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Litigation between Lawrence and Bingham has stretched over several years, and various aspects of the case have reached both the Kentucky Supreme Court and this Court multiple times. The complete details of the underlying facts may be found in the Kentucky Supreme Court opinion *Lawrence v. Bingham Greenebaum Doll, L.L.P.*, 599 S.W.3d 813, 819-20 (Ky. 2019) ("*Lawrence III*"), as well as the Court of Appeals opinions *Cut-N-Shoot, L.L.C. v. Bingham Greenebaum Doll, L.L.P.*, No. 2019-CA-1735-MR, 2021 WL 2385843, at *1 (Ky. App. Jun. 11, 2021), *review denied* (Feb. 16, 2022)[1] ("*Lawrence IV*"), and *Lawrence Bingham Greenebaum Doll LLP v. Cut-N-Shoot LLC*, Nos. 2020-CA-1131-MR, 2020-CA-1217-MR, and 2021-CA-0320-MR, 2022 WL 4587681, at *1 (Ky. App. Sep. 30, 2022)[2] ("*Lawrence VI*").

In this appeal, most of Lawrence's alleged errors are either matters of settled law or overlap with those already adjudicated in the numerous appellate cases concerning this matter. For example, to the extent Lawrence seeks disgorgement of attorneys' fees paid to Bingham or affirmative claims based on Bingham's prior representation of Lawrence in the underlying criminal matter,

---

[1] This unpublished opinion is cited pursuant to CR 76.28(4)(c) as illustrative of the issue before us and not as binding authority.

[2] This unpublished opinion is cited pursuant to CR 76.28(4)(c) as illustrative of the issue before us and not as binding authority.

Lawrence has already lost those claims in the Kentucky Supreme Court. *See Lawrence v. Bingham, Greenebaum, Doll, L.L.P.*, 567 S.W.3d 133, 135 (Ky. 2018) ("*Lawrence II*") (affirming dismissal of Lawrence's claims against Bingham under the Exoneration Rule); *Lawrence III*, 599 S.W.3d at 824-25 (holding that Lawrence's arguments alleging deficient performance by Bingham were barred by issue preclusion because Lawrence failed on his ineffective assistance of counsel claim in federal court and that "[n]either the federal magistrate judge nor the federal district judge found any hint of deficient performance on [Bingham's] part."); *Lawrence IV*, 2021 WL 2385843, at *1 (affirming dismissal of Lawrence's claims against Bingham, including claims related to the foreclosure of the at-issue property (the "Marathon Property") and affirming CR 11 sanctions against Lawrence).

Additionally, although Lawrence seeks damages related to the sale of the Marathon Property under a judgment later vacated on appeal, Kentucky does not recognize any such damage claims. *See Hess v. Deppen*, 125 Ky. 424, 101 S.W. 362, 363 (1907) (noting that plaintiffs "are not responsible in damages for acts done under" an erroneous judgment).

Moreover, to the extent Lawrence seeks damages related to judgment liens on his properties, he fails to acknowledge that the Kentucky Supreme Court found in Bingham's favor as to the attorneys' fees owed per the promissory note in

*Bingham Greenebaum Doll, LLP v. Lawrence*, 567 S.W.3d 127, 131 (Ky. 2018) ("*Lawrence I*") and remanded the case to the Kenton Circuit Court to enter judgment in Bingham's favor. Such judgment then prompted yet another appeal by Lawrence, which a panel of this Court affirmed in Bingham's favor in 2021. *Lawrence v. Bingham Greenebaum Doll, L.L.P.*, No. 2019-CA-1125-MR, 2021 WL 4343462 (Ky. App. Sep. 24, 2021)[3] ("*Lawrence V*"). Finally, to the extent Lawrence argues in this case that restitution was an improper remedy, this Court determined in *Lawrence VI* that it was proper. 2022 WL 4587681, at \*7-8.

We further note that pursuant to Bingham's motion, this Court sanctioned Lawrence in 2022 for filing a frivolous appeal, stating, "we are mindful of a litigant's right to his day in court; however, … Lawrence has made repetitious and frivolous filings contrary to the Supreme Court's mandates and the prior warnings of this Court" ("*Lawrence V*").

With these facts in mind, we now turn to those most applicable to the sole issue remaining on appeal. In November 2021, the Gallatin Circuit Court (the "Circuit Court") issued orders regarding the amount of restitution owed by Bingham to Lawrence. In that order, the Circuit Court held that $299.03 represented the amount of monetary restitution Bingham owed to Lawrence.

---

[3] This unpublished opinion is cited pursuant to CR 76.28(4)(c) as illustrative of the issue before us and not as binding authority.

Specifically, the Circuit Court found that Bingham received $52,000 in rent and expended $51,700.97 for payment of real estate taxes and insurance during the period it owned the Marathon Property. Thus, the court ordered that the amount of restitution owed by Bingham to Lawrence was the difference between the two amounts - $299.03.

The Circuit Court issued an amended order on November 16, 2021, inserting CR 54.02 finality language into the order (the "Amended Order"). However, it made no other changes, and the restitution amount remained at $299.03. Additionally, the Circuit Court corrected a clerical error with a second amended order on December 9, 2021 (the "Second Amended Order"). But again, the restitution amount remained at $299.03. Finally, the Circuit Court denied Lawrence's CR 59.05 motions regarding the second amended order in a March 1, 2022, order.

Lawrence subsequently filed his notice of appeal challenging the foregoing orders on March 2, 2022.

## ANALYSIS

### a. Standard of Review

An appellate court's review of a trial court's factual findings is under the clear error standard. *Moore v. Asente*, 110 S.W.3d 336, 353-54 (Ky. 2003) (citation omitted). This review is based on whether substantial evidence supports

the trial court's factual findings. *Id*. at 354 ("'[S]ubstantial evidence' is '[e]vidence that a reasonable mind would accept as adequate to support a conclusion' and evidence that, when 'taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men.'"). As a result, appellate courts should not disturb trial court findings supported by substantial evidence. *Id*.

### b. Discussion

Under Kentucky law, "[w]hen a judgment is reversed, restitution must be made of all that has been received under it, but no further liability should in any case be imposed." *Bridges v. McAlister*, 106 Ky. 791, 51 S.W. 603, 605 (1899). Moreover, if a judgment is reversed, "any benefits obtained by virtue of the execution must be restored to the adverse party." *Elk Horn Coal Corp. v. Cheyenne Resources, Inc.*, 163 S.W.3d 408, 420 (Ky. 2005), *overruled on other grounds by Calloway County Sheriff's Department v. Woodall*, 607 S.W.3d 557 (Ky. 2020).

By ordering both the Marathon Property and the fixtures to be deeded back to Lawrence, along with any of the net benefits Bingham received from the Marathon Property during the time it collected the rent and paid the expenses, the Circuit Court followed the proper principles of restitution. *Id*. As discussed above, the Circuit Court found that Bingham collected $52,000 in rent from the

Marathon Property's tenant and expended $51,700.97 in taxes and insurance - a difference of $299.03. Thus, the Circuit Court applied Kentucky law regarding restitution and equitably placed Lawrence back into the position he had before the summary judgment decision in 2017 (and prior to the Marathon Property's sale in 2018) when he owned the Marathon Property. That is what Kentucky law requires in the event of the reversal of an erroneous judgment. *See Peoples Bldg. & Loan Ass'n v. Wagner*, 180 S.W.2d 295, 296-97 (Ky. 1944) (holding that property must be restored to the debtor even if setting aside the judgment does not terminate the litigation because to hold otherwise would be to prejudge the case).

Accordingly, as to the amount of monetary restitution ordered by the Circuit Court, there is no error, and the Circuit Court made the correct calculation.

## **CONCLUSION**

For the foregoing reasons, we affirm the Gallatin Circuit Court.


ALL CONCUR.


| BRIEFS FOR APPELLANTS: | BRIEF FOR APPELLEES: |
|---|---|
| B. Katy Lawrence | Aaron A. VanderLaan |
| Meredith L. Lawrence, *pro se* | Frank K. Tremper |
| Warsaw, Kentucky | Covington, Kentucky |