**KEATHLEY et al. v. TOWN OF MARTIN et al.**

Court of Appeals of Kentucky.
Dec. 21, 1951.

Rehearing Denied March 7, 1952.

Howard & Combs, Prestonsburg, for appellants.

Joe Hobson, Prestonsburg, for appellees.

MOREMEN, Justice.

This record presents for decision the question of which one of two groups of men is entitled to membership on the Water Commission of Martin, a city of the sixth class.

The appellants were appointed by the city council whose term expired on January 1, 1951. A bondholder who intervened in the case is also an appellant. The appellant commissioners were removed by a mandatory injunction granted upon petition of appellees who hold under appointment by the present city council. Certain employees of appellees are also parties to the appeal.

On October 3, 1949, the city council passed an ordinance providing for additions to the waterworks system and for the issuance and sale of Waterworks Revenue, Improvement and Refunding Bonds to finance the proposed extensions of the system. This ordinance stated that the Board of Water Commissioners was created: "In order to provide for the efficient operation of the said waterworks system, it is necessary that a permanent plan of municipal management and operation of said waterworks system be now made of record for the issuance of the holders of all said bonds as may be from time to time outstanding; that said waterworks system will not be subjected to political or partisan favoritism in such management, control and operation." Under the terms of this same ordinance, Lloyd McCary was appointed commissioner for 2 years; appellant, Ray Allen, for four years; and appellant, Lawrence Keathley, for 6 years. At the time of their appointment, Keathley was chairman of the board of trustees of Martin, and Allen was city clerk. The ordinance further stated that the bonds were issued under KRS 96.350 to 96.510, and the form of bond which was actually issued under the ordinance stated that they were issued under those sections of the Kentucky Revised Statutes. Thereafter, charges were brought against Keathley and Al-

len upon the grounds that their appointment was in violation of KRS 96.530 which is a section of another act dealing with electric and power utilities, and which reads in part: "no person shall be appointed a member of the commission who has, within the last two years before his appointment, held any city, county, state or federal office, or been a member of any committee of any political party * * *."

Both Keathley and Allen were removed from the office and C. P. Allen and T. J. Allen were appointed in their stead.

On this appeal it is contended (1) that KRS 96.530 has no application to waterworks systems and (2) that the city council in extending the waterworks system, issuing bonds, and appointing a commission was acting in a proprietary capacity and that the persons who were appointed under the terms of the ordinance, which authorized the issuance of the bonds, serve as trustees for the bondholders and are not removable at the pleasure of the council.

KRS 96.350 to 96.510 (which we will call the Water System Act) deal with the manner by which a city may acquire, maintain and extend a water system. KRS 96.350 (1) reads: "Any city of the second, third, fourth, fifth or sixth class may, under the provisions of KRS 96.350 to 96.510, purchase, establish, erect, maintain and operate waterworks, together with extensions and necessary appurtenances thereto, within or without the corporate limits of the city, for the purpose of supplying the city and its inhabitants with water."

KRS 96.520 and 96.530 (which we will call the Electric System Act) deal with the manner by which a city may acquire, maintain and extend electric light, heat and power plants. In this act, in several places, reference is made to certain sections of the Water System Act.

In the Electric System Act, it is provided, first, that the city may purchase, establish or extend its system; and, second, that "the city shall proceed in the same manner and be governed by the same conditions as are set forth in KRS 96.360 to 96.510 for the acquisition and operation of a water system * * *." In this

Electric System Act are set up qualifications of the members who will administer the duties of the board, and included is the disqualification listed in KRS 96.530 which was first hereinabove quoted. Because the Electric System Act refers to the Water System Act in order to define the method of procedure in the acquisition or extension of an electric system plant, it is contended that this reference, of its own force, caused the terms of the Electric System Act to become a part of the Water Company Act. This contention presents the converse of the usual problem.

This court has discussed the question of whether a portion of an act may be embodied in another act by a reference to and the adoption of a part of its provisions, but here, we are confronted with the question of whether a reference by one act to another act has the effect of making the terms of the referring act a part of the act to which it refers. We have found no cases in which the latter situation is discussed.

It must be borne in mind that the Water System Act and the Electric System Act are the result of separate and distinct actions of the General Assembly. A history of both acts, and of various amendments thereto, may be found in Notes and Annotations to the Kentucky Revised Statutes.

Often, in order to avoid long, repetitious passages dealing with procedural matters, the Legislature shortens the bill under consideration by adopting portions of other acts which are suitable. This is often done in situations where the right to condemn under the power of eminent domain is involved. However, we are of opinion that reference is made only in the interest of brevity and not for the purpose of amending the second act or with the intention of adding to, subtracting from, or in any manner changing the terms or conditions of the act which is the object of the reference.

We cannot accept the contention of appellee that the Legislature, by section 96.530, attempted to cover all situations with the exception of state administrative bodies or commissions which might

be set up in connection with the management of city property. It is true that the Water System Act makes no provision as to the creation of a governing body for the utility, but we are of the opinion that in the acquisition and operation of a water plant, a municipality acts in a proprietary capacity and has full right to set up an administrative board in connection with its operation. Electric Plant Board of City of Mayfield v. City of Mayfield, 299 Ky. 375, 185 S.W.2d 411; City of Hazard v. Duff, 287 Ky. 427, 154 S.W.2d 28.

In the case at bar, the ordinance which created the extension to the waterworks system of the city of Martin authorized the issue and sale of Waterworks Revenue Improvement and Refunding Bonds and, under this ordinance, bonds were sold to a bonding company under a bid that set out the manner in which the commissioners should be appointed. In the absence of a statute prohibiting such a procedure in cases where a city is acting within its proprietary capacity, we believe that it has full right to set up a board and when bonds are sold under such an ordinance, the city is bound. We, therefore, conclude that the court erred in ousting appellants from the Board of Commissioners, and the judgment is reversed for proceedings consistent with this opinion.

COMBS J., not sitting.