### KEATHLEY et al. v. TOWN OF MARTIN et al.

Court of Appeals of Kentucky.

Nov. 21, 1952.

Howard & Francis, Prestonsburg, for appellant.

Joe Hobson, Prestonsburg, for appellees.

DUNCAN, Judge.

This is the second appeal of this case. The first is reported in Keathley v. Town of Martin, Ky., 246 S.W.2d 152. The sole question presented on both appeals is which one of two competing groups is entitled to manage the waterworks system of the city of Martin, formerly a town of the sixth class but presently a city of the fourth class.

On October 3, 1949, the Board of Trustees of the town enacted ordinance No. 54 authorizing the issuance and sale of $100,-000 of Waterworks, Revenue, Improvement and Refunding Bonds for the purpose of financing the extension and improvement of the then existing waterworks system pursuant to KRS 96.350 to 96.510, inclusive. Following the passage of this ordinance, the bonds were sold to Westheimer & Company of Cincinnati, Ohio. The successful bidder attached to its bid the following condition: "A condition of our bid is that the attached ordinance shall be adopted by the Board of Trustees and you will immediately appoint the three commissioners, and that such ordinance will remain in full force and effect throughout the life of these bonds." Thereafter, on October 14, 1949, the Board of Trustees enacted ordinance No. 55, substantially embodying the provisions of the ordinance submitted by the bonding company as a condition of its bid.

This ordinance, in stating the objects to be attained by the creation of the Board of Water Commissioners, specifically stated that: "In order to provide for the efficient operation of the said waterworks system, it is necessary that a permanent plan of municipal management and operation of said waterworks system be now made of record for the issuance (sic) of the holders of all said bonds as may be from time to time outstanding; that said waterworks system will not be subjected to political or partisan favoritism in such management, control and operation."

The ordinance provided for the appointment of a Board of Water Commissioners, consisting of three members appointed for terms of two, four and six years respectively. It further provided that vacancies on the board, including those occurring by expiration of the terms of the members, should be filled by appointment of the chairman of the Board of Water Commissioners, with the consent and approval of the board. The Board of Trustees appointed as commissioners Lloyd McCary for a term of two years; appellant, Ray Allen, for four years; and appellant, Lawrence Keathley, for six years. At the time of their appointment, Keathley was chairman of the Board of Trustees and Allen was city clerk.

Subsequently the Board of Trustees removed both Keathley and Allen from the Board of Water Commissioners and appointed appellees, C. P. Allen and T. J. Allen, in their stead. The validity of the ouster was sustained by the lower court but was reversed by this court on the first appeal. After the reversal, the city council (Martin having in the meantime become a city of the fourth class) enacted ordinance No. 70, which repealed ordinance No. 55, thereby abolishing the Board of Water Commissioners. It then by ordinance No. 71 created a Waterworks Committee and provided for the appointment of three members to this committee. The appellees, T. J. Allen, C. P. Allen and Z. C. Dingus, were appointed as members of the Waterworks Committee.

Amended petitions were filed in the lower court, alleging the repeal of the ordinance creating the Board of Water Commissioners and the creation of the Committee. The lower court sustained the validity of the repeal and entered a judgment declaring that the members of the Committee, rather than the Commission, were entitled to manage, control and operate the waterworks system. The effect of the judgment is to permit the appellees to accomplish by indirection what they had been prevented from doing directly.

■ The opinion of this court on the first appeal is the law of the case upon all questions which were there decided. Cincinnati, N. O. & T. P. Ry. Co. v. King's Adm'x, 292 Ky. 457, 166 S.W.2d 975; Louisville & N. R. Co. v. Reverman, 243 Ky. 702, 49 S.W.2d 558, certiorari denied 53 S.Ct. 84, 287 U.S. 633, 77 L.Ed. 549. This court will not re-examine on a second appeal questions decided on the first appeal. Justice v. Justice, 242 Ky. 553, 46 S.W.2d 1080.

On the first appeal, the appellees sought to justify the ouster of the members of the Commission on the grounds of their former official connection with the city. Their former positions with the city would have disqualified them from membership on an Electric Plant Board, created under the provisions of KRS 96.530, but was not disqualification for membership on the Board of Water Commissioners. As we view the former appeal, three things were decided either directly or by necessary implication: (1) The city, in the exercise of a proprietary capacity, had the right to create a water commission and ordinance No. 55 when enacted was valid. (2) The members originally appointed to the commission were qualified for membership and the Board of Trustees of the town had no authority under the circumstances to discharge them. (3) The bonds having been sold under the ordinance creating the commission, the city is bound by the ordinance.

■ Appellees insist that the city council had the right to abolish the Board of Water Commissioners and they rely upon a host of opinions of this court recognizing the authority of the state or a municipality to abolish offices created by legislative enactment. We recognize and adhere to the rule that the right to abolish an office and repeal an act or ordinance is generally coextensive with the authority to create the office or enact the statute or ordinance in the first instance. However, the rule has an exception which is important here. An office cannot be abolished if the statute or ordinance creating it is contractual in nature. In Johnson v. Laffoon, 257 Ky. 156, 77 S.W.2d 345, this court, in quoting from Standeford v. Wingate, 63 Ky. 440, 2 Duv. 440, said: "But any office established by statute may be abolished by statute, *unless it be a contract, which cannot be impaired*

*by legislation.* [257 Ky. 156, 77 S.W.2d 349.]" (Emphasis ours.) Concerning the power of a city to enact repealing ordinances, it is stated in 62 C.J.S., Municipal Corporations, § 435, page 835:

"As a general rule, sometimes by virtue of express statutory provision, a city council cannot enact irrepealable ordinances which will bind itself and its successors so as to prevent free legislation in matters of municipal government or tie its own hands as to future legislative action, whether the future legislative body be constituted of the same or different members. The power of repeal, however, may not be exercised where the ordinance to be repealed is contractual in its nature or effect except with the consent of the other party or unless power to repeal is reserved by the original ordinance."

In reaching the question of whether or not the council had the right to abolish the Board of Water Commissioners by a repeal of ordinance No. 55, it is necessary to determine whether or not that ordinance was contractual in its nature. The objects to be attained by the enactment of the ordinance are well stated in the ordinance: "In order to provide for the efficient operation of the said waterworks system, it is necessary that a permanent plan of municipal management and operation of said waterworks system be now made * * * that said waterworks system will not be subjected to political or partisan favoritism in such management, control and operation." The waterworks system affords the only security which the bondholders have and funds for the payment of the principal and interest on the bonds are derived solely from its revenues. It is, therefore, a matter of primary concern to the holders of the bonds that the plant be operated efficiently and that all opportunities for political or partisan favoritism in its management and control be reduced to a minimum.

If we should hold that the present city council has the right to wrest control in the indirect method which it has pursued, it would necessarily follow that each succeeding council could follow the same process of abolishing the old board and recreating it under another name. The plant would then be subjected to the very evils which ordinance No. 55 sought to eliminate.

We, therefore, conclude that ordinance No. 55 was contractual in nature and that it cannot be repealed so long as the Waterworks, Revenue, Improvement and Refunding Bonds are outstanding. This conclusion makes it unnecessary to consider the power of the council to enact ordinance No. 71, creating the Waterworks Committee.

Appellees insist that appellant J. D. Adams, who intervened in the original action as a bondholder, can no longer be considered as a party to this appeal inasmuch as the bond formerly held by him has been paid. Upon this premise, it is argued that we have no occasion on the present appeal to consider the rights of the bondholders.

This argument is unsound for two reasons: (1) the mere fact that bondholders are not parties to the suit would not limit our right to determine whether or not ordinance No. 55 is contractual in nature as affecting its repealability and (2) we regard the intervention of Adams as one in behalf of the bondholders as a class, pursuant to Civil Code of Practice, section 25. Such an intervention gives the court jurisdiction of all members of the class. Rollins v. Bd. of Drainage Com'rs of McCracken Co., 281 Ky. 771, 136 S.W.2d 1094. Such jurisdiction, once obtained, is not lost because the representative since his original intervention has ceased to remain a member of the class.

The opinion on the first appeal is conclusive with respect to all other contentions of appellees which are urged in support of the judgment of the lower court.

The judgment is reversed, with directions to enter a judgment in conformity with this opinion.

COMBS, J., not sitting.