J. W. SNOWDEN, Individually, etc., et al., Appellants,

v.

M. T. SMITH, Mayor of Winchester, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

Oct. 30, 1959.

Rodney J. Thompson, Jesse S. Hogg, Winchester, John Y. Brown, Lexington, for appellants.

Michael A. Rowady, Beverly P. White, Winchester, Ky., Blake Page, Winchester, for appellees.

WADDILL, Commissioner.

Appellants instituted this action seeking an injunction to compel the governing body of the City of Winchester to submit to the voters of that city a proposed ordinance which would, in effect, repeal three existing ordinances. The action was allegedly predicated upon initiative procedure set forth in KRS 89.250.

Following a hearing, the court decided that the proposed ordinance would, if enacted, impair the obligation of the contract existing between the city and holders of the city's bonds. Judgment was entered dismissing the action.

During the early part of 1958, the Board of Commissioners of the City of Winchester decided to consolidate, improve and expand certain facilities of the city. Pursuant to this program the board adopted three city ordinances (627, 628, 629) which, collectively, created a public project pursuant to KRS, Chapter 58; established a Municipal Utilities Commission to manage the project for the city; fixed utility rates; and provided for the sale of revenue bonds to finance the city's program.

By the terms of ordinance 627, the city agreed to charge rates which would produce revenue sufficient to provide for all expenses of operation, repair, and maintenance of the project as well as to furnish sufficient funds to redeem the bonds. The ordinance further provided that revenue to liquidate the bonds would be deposited in a sinking fund and pledged this fund to their redemption.

On September 10, 1958, the city sold revenue bonds in the amount of $2,475,000 in accordance with ordinances previously adopted. Several weeks after the bonds had been delivered to the purchasers, appellants, purporting to act pursuant to KRS 89.250, demanded by petition that the city either adopt a proposed ordinance which would repeal ordinances 627, 628 and 629, or submit the proposed ordinance to a vote of the people under the initiative procedure. The legislative body of the city refused to do either, and on December 8, 1958, appellants filed this action.

Appellants contend that a city may alter the particular existing remedy under a contract as long as the value of the obligee's right is not impaired. Bronsen v. Kinzie, 1 How. 311, 42 U.S. 311, 11 L.Ed. 143. The proposed ordinance, it is urged, does not destroy the obligee's remedy under the contract because the remedy is not taken away, but is merely altered and another remedy is provided which is sufficient to satisfy the terms of the contract. Appellants concede, however, that under this argument the ultimate question is whether the obligee's rights under the contract have been diminished in value. Planters' Bank of Mississippi v. Sharp, 6 How. 301, 47 U.S. 301, 12 L.Ed. 447.

Section 17 of Ordinance 627 provides:

"*Section 17.* The provisions of this ordinance shall constitute a contract between the City of Winchester and the holders of the bonds herein authorized to be issued, and after the issuance of any of the bonds no change, variation or alteration of any kind of the provisions of this ordinance shall be made in any manner except as herein

provided until such time as all of said bonds issued hereunder and the interest thereon have been paid in full."

Since it is evident that the ordinances, which were contractual in nature, created an office to manage and operate the city's utility facilities, we conclude that the city cannot repeal ordinances 627, 628 and 629 so long as the bonds in question are outstanding. Keathley v. Town of Martin, Ky., 253 S.W.2d 3; City of Elizabethtown v. Cralle, Ky., 317 S.W.2d 184. It follows that the city has no legal right to repeal the ordinances under the initiative statute (KRS 89.250). Utz v. City of Newport, Ky., 252 S.W.2d 434.

Judgment affirmed.