Gary W. **CRAFT** and wife, Mary Beth Craft; and Barry F. Riggs and wife, Deborah Riggs, Appellants,

v.

B. Wayne **SIMMONS** and Margaret E. Simmons; and City of Paducah, Appellees.

No. 88–CA–2739–MR.

Court of Appeals of Kentucky.

Oct. 6, 1989.

John T. Reed, Paducah, for appellants.

W. David Denton, Deborah L. Grunewald, Denton & Keuler, James W. Utter, Paducah, for appellees.

Before CLAYTON, ELSWICK and McDONALD, JJ.

McDONALD, Judge.

This is an appeal from an order dismissing an action in McCracken Circuit Court to close a portion of a residential street. We affirm.

On July 14, 1987, the Board of Commissioners of the city of Paducah passed an ordinance closing a portion of Albany Road. Application for the ordinance had been made by adjoining landowners Gary and Mary Beth Craft and John Berry. (Berry was later succeeded in interest by Deborah and Barry Riggs.) Pursuant to KRS 82.405, the ordinance authorized the corporation counsel for Paducah to bring an action in circuit court to obtain a judgment ordering the road closed.

On May 5, 1988, Greg Rains, a private attorney, filed an action in circuit court, purportedly on behalf of the city of Paducah, to have the road closed. Shortly thereafter, however, the Board of Commissioners repealed the original ordinance closing the road.

It appears that an adjoining landowner, Peoples First National Bank and Trust Company (succeeded by B. Wayne Simmons and Margaret Simmons), had not been named in the initial application to have the road closed, as required by a separate city ordinance. The bank furthermore opposed the closing. Once the ordinance closing the road was repealed, corporation counsel for the city filed a motion to dismiss the circuit court action. The bank also filed a motion to dismiss. The motions were granted; the Crafts and the Riggses appeal.

KRS 82.405, the governing statute, provides:

82.405. Procedure for closing a public way.—(1) Upon the adoption of an ordinance by the city legislative body closing the whole or any portion of a public way, the city shall institute an action in the circuit court to have it closed. All the owners of property in or abutting that public way, or the portion proposed to be closed, shall be made defendants.

(2) If all defendants fail to object to the closing within twenty (20) days after the date of service, the court shall render a decree accordingly, but if any defendant objects within that time, the court shall award damages, if any, in the same manner as prescribed by the Eminent Domain Act of Kentucky and shall direct that the public way be closed upon payment into court of the amount awarded. The court shall give these proceedings precedence over other cases.

The appellants call our attention to the mandatory nature of the language, "the city shall institute an action." They then make a great leap in logic by arguing that once a city has passed an ordinance pursuant to this statute, it has set in motion an irreversible process; that the city suddenly is barred from repealing its own ordinance

but is forced to proceed to court. They also make some argument that the city is estopped from repealing the ordinance because the Crafts, in reliance on it, built a concrete driveway across the closed right-of-way.

■ We would point out, to begin with, that the repealed ordinance was probably invalid since it was not passed upon application of all adjoining property owners. Aside from this, we disagree with the appellants' legal argument. In our view KRS 82.405 can only be construed as procedural in nature. It is designed to protect the interests of adjoining landowners by requiring the city to give them an opportunity to be heard in court before the road closing can be finally effectuated.

However, nothing in the statute specifies that the ordinance it authorizes must be irrevocable. The appellants' reliance on the decision in *Keathley v. Town of Martin*, Ky., 253 S.W.2d 3 (1952), is misplaced. That case held that an ordinance which was contractual in nature could not be repealed without consent of the other party. This is clearly inapplicable to the present case. The repealed ordinance was not part of a contract, as was the case in *Keathley*. Ordinarily, as is recognized in *Keathley*, the governing of a city necessarily includes repealing as well as passing ordinances. Once the ordinance in question was repealed, the case pending in circuit court became, in effect, moot, and was properly dismissed. We cannot accept appellants' reliance argument, since they knew, or should have known, that the road closing would not be final until a judgment made it so. We also note that the case could have been dismissed on equally sufficient grounds, in that it was not brought by the one person—Paducah's corporation counsel—authorized to bring it.

■ The appellants make one other argument, which is that the order dismissing the case was "premature." They point out that in a motion to dismiss for failure to state a claim on which relief may be granted, the allegations of the pleader must be accepted as true. *Henkin, Inc. v. Berea Bank & Trust Co.*, Ky.App., 566 S.W.2d 420, 423 (1978). However, both the bank and the city submitted the applicable ordinances along with their motions. The appellants' contention "overlooks the fact that matters outside the record may be presented in support of a motion to dismiss and, if not excluded by the court, convert the motion to one for summary judgment, under CR 56." *McCray v. City of Lake Louisvilla*, Ky., 332 S.W.2d 837, 840 (1960); CR 12.02.

In this case, we think the trial court was amply justified in finding that there were no genuine issues of material fact and that the appellees were entitled to judgment as a matter of law. That was "the practical and legal effect of the order of dismissal." *Id.* at 841.

The judgment of the McCracken Circuit Court is affirmed.

All concur.