RENDERED: AUGUST 20, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1504-MR

GARY L. BLACKWELL AND CAROL                          APPELLANTS
A. BLACKWELL[1]


                    APPEAL FROM MARSHALL CIRCUIT COURT
v.              HONORABLE JAMES T. JAMESON, JUDGE
                         ACTION NO. 19-CI-00330


MICHAEL L. MOTT; CHERYL A.
MOTT; DADRA LEE WORK; AND
WILLIAM VAUGHN WORK, JR.                                 APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, KRAMER, AND L. THOMPSON, JUDGES.

---

[1] We note that Appellants' notice of appeal is captioned as "GARY L. BLACKWELL, as Trustee of Gary Blackwell Revocable Living Trust AND CAROL A. BLACKWELL, as Trustee of the Carol A. Blackwell Revocable Living Trust." However, the body of the notice refers to appellants as "Gary L. Blackwell and Carol A. Blackwell."

KRAMER, JUDGE: Appellants Gary and Carol Blackwell (collectively "Blackwell") appeal an order of the Marshall Circuit Court dismissing their complaint in its entirety. Upon careful review, we affirm.

Blackwell owns real property identified herein as Lot 33 in the Sledd Creek Subdivision near the Kentucky Lake in Marshall County, Kentucky. Appellees Michael and Cheryl Mott (collectively "Mott") own Lot 30 in the same subdivision. Appellees William and Dadra Work (collectively "Work") own Lot 31. It is undisputed that each party's deed contains language granting "the right of ingress to and egress from the waters of Kentucky Lake over and upon the adjoining land lying between the 375-foot contour elevation and the waters of the lake." The land between the 375-foot contour elevation and the waters of the Kentucky Lake is property of the Tennessee Valley Authority ("the TVA").[2]

In September 2017, Mott received approval from the TVA to build a dock/pier and ramp on Kentucky Lake. In March 2019, Work received approval from the TVA to build the similar structures on Kentucky Lake. In September 2019, Blackwell filed the underlying complaint in circuit court, alleging trespass by Mott and Work and seeking both injunctive and declaratory relief. Mott and Work filed a motion to dismiss for lack of jurisdiction and failure to state a claim

---

[2] "TVA property means real property owned by the United States and under the custody and control of TVA." 18 Code of Federal Regulations ("C.F.R.") § 1304.412.

upon which relief could be granted. The parties briefed the matter, and an order was entered dismissing Blackwell's claim of trespassing and any violation of federal law. The order also instructed Blackwell that the TVA was a necessary party to the claim that placement of the piers/docks violated Blackwell's right to ingress or egress and, if the TVA was not joined as a defendant within thirty (30) days, the matter would be dismissed in its entirety. Blackwell appealed the order of partial dismissal to this Court, but the appeal was dismissed for failure to appeal from a final and appealable order.[3] When Blackwell failed to name the TVA as defendants, the circuit court dismissed the action. This appeal followed. Further facts will be developed as necessary.

Blackwell argues the circuit court erred by holding the TVA must be joined as a party. They also assert that they, not Mott or Work, own "an adequate property interest in land immediately joining the land where Appellees installed their docks." We disagree with both arguments.

We first note procedurally that, although Mott and Work styled their motion to dismiss as pursuant to CR[4] 12.02 and the circuit court treated it as such, it was clearly a motion for summary judgment pursuant to CR 56. Thus, the substance of the order dismissing was also that of summary judgment. Matters

---

[3] *See* Kentucky Court of Appeals Case Number 2020-CA-1113.

[4] Kentucky Rule of Civil Procedure.

outside of the record were presented by the parties both in support of, and in opposition to, the motion to dismiss that were not specifically excluded by the circuit court. *See* CR 12.03;[5] *Craft v. Simmons*, 777 S.W.2d 618, 620 (Ky. App. 1989).[6] However,

> we regard it as of little moment that the trial court failed to clearly distinguish between motions to dismiss for failure to state a claim and motions for summary judgment. Manifestly, CR 12.03 contemplates a relationship between these procedural vehicles and contemplates that a motion for judgment on the pleadings may be treated as one for summary judgment and disposed of in that manner . . . . As stated hereinabove, the trial court applied the undisputed facts to what it believed to be the law with the result being that [Appellees were] determined to be entitled to summary judgment.

*Hoke v. Cullinan*, 914 S.W.2d 335, 338 (Ky. 1995).

In other words, even if the circuit court had treated it as a motion for summary judgment, the end result would be the same (*i.e.*, dismissal of Blackwell's claims).

---

[5] CR 12.03 states, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on such motion, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

[6] In its motion to dismiss, Appellees submitted the Section 26a building permits issued by the TVA, as well as maps and photos. In its response, Appellants also included photos, a survey, various maps, the TVA permits, and at least one set of construction plans for a boat dock. Appellants also submitted the applicable federal regulation.

When a trial court grants a motion for summary judgment, the standard of review for the appellate court is *de novo* because only legal issues are involved. *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004). We must consider the evidence of record in the light most favorable to the non-movant (*i.e.*, Blackwell) and determine whether the circuit court correctly found there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 780 (Ky. App. 1996).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. The movants bear the initial burden of demonstrating that there is no genuine issue of material fact in dispute. The party opposing the motion then has the burden to present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). A party responding to a properly supported summary judgment motion cannot merely rest on the allegations in his pleadings. *Continental Casualty Co. v. Belknap Hardware & Manufacturing Co*., 281 S.W.2d 914 (Ky. 1955).

We now turn to Blackwell's arguments, which we address simultaneously. Looking to the complaint filed in circuit court, Blackwell asserts numerous times that the docks were constructed on *their* property, rather than that of the TVA. For example, paragraph 22 states, in reference to their trespassing claim, "in coming on the Blackwell [p]roperty, digging, cutting trees and bushes, taking landscaping, and attempting to attach boat docks constitute a trespass on [*Blackwell's*] *property*, and the continued existence of docks or dock material on the Blackwell controlled property is a continuing trespass." (Emphasis added.) Paragraph 25, in reference to the request for injunctive relief, states, in relevant part, "[Mott's and Work's] actions in trespassing, encroaching and attempting to erect boat docks *on* [*Blackwell's*] [*p*]*roperty* substantially interferes with [Blackwell's] rights of ownership." (Emphasis added.) Further, paragraph 28 states that Blackwell "seek[s] a temporary and permanent injunction against [Mott and Work] from constructing or attempting to construct boat docks *on the Blackwell* [*p*]*roperty . . . .*" (Emphasis added.) However, in their brief to this Court, Blackwell acknowledges numerous times that the docks were indeed built on TVA property. For example, on page 2 of their brief to this Court, Blackwell acknowledges "[o]n September 26, 2017, the Motts obtained a Section 26a permit from the TVA providing approval to construct a dock *on TVA land*." (Emphasis added.) On page 4 of their brief, Blackwell states that, "the [c]omplaint was filed

-6-

in order to seek the court's determination of certain real property rights that serve as a basis for Appellees' applications to place docks *on TVA land*."  (Emphasis added.)  As a result of these inconsistencies, Blackwell's arguments are both perplexing and unpersuasive.[7]

Blackwell states that they are "ask[ing] for an order declaring the property rights of the Appellants and Appellees that may be submitted to the TVA to challenge Appellees' dock permits."[8]  We agree with the circuit court's reasoning that the true issue here is that Blackwell wants the docks removed from what is TVA property.  To wit,

> [Blackwell] correctly assert[s] state courts have authority to resolve property disputes including determining the scope of easements.  However, this Court did not dismiss [Blackwell's] claims with regards [sic] to the *rights of ingress or egress* based on a factual determination of the easement(s)' scope.  Rather, this Court is unable to order removal of the docks as requested by [Blackwell], without TVA being joined as a party, because the docks are not located on the property of the Parties but are located on property controlled by and belonging to TVA. *See Browning v. Preece*, 392 S.W.3d 388, 391 (Ky. 2013).

---

[7] Blackwell cites an unpublished memorandum and recommendation from a United States Magistrate Judge.  To wit, *Reynolds v. Amundsen*, 1:15-CV-185-MR-DCK, 2016 WL 11482357 (W.D.N.C. Feb. 1, 2016).  The recommendation was later accepted by the federal district court. *Reynolds v. Amundsen*, 1:15-CV-00185-MR-DCK, 2016 WL 727216 (W.D.N.C. Feb. 23, 2016). *Reynolds* is distinguishable because the docks at issue were built on private land, not TVA property.  There was a real property dispute between the parties for that reason, and the case was dismissed from federal court for lack of subject matter jurisdiction.

[8] *See* Appellants' brief, page 5.

The circuit court goes on to add a footnote which states, "[a]ny order in favor of [Blackwell], in essence, would be based on a conclusion that TVA lacks authority to construct docks in the same location or manner as those of Defendants." We agree.

Therefore, *even if* the circuit court issued an order declaring the property rights of Blackwell, Mott, and Work, without the TVA added as a party, it would not resolve the issue at hand.

> The existence of an actual controversy respecting justiciable questions is a condition precedent to an action under the [Declaratory Judgment Act]. The court will not decide speculative rights or duties which may or may not arise in the future, but only rights and duties about which there is a present actual controversy presented by adversary parties, and in which *a binding judgment concluding the controversy* may be entered.

*Foley v. Commonwealth*, 306 S.W.3d 28, 31 (Ky. 2010) (emphasis added) (citations omitted).

Moreover, Blackwell's arguments around removal of the docks are based in reliance on 18 C.F.R. § 1304.2 which, as the circuit court correctly determined, it is without jurisdiction to review. The TVA issued permits to build the docks to Mott and Work, presumably in reliance on this federal regulation. Blackwell now wishes to challenge the building of the docks as a result of issuance of those permits and in accordance with the federal regulation. Kentucky's highest court has long recognized the TVA as a federal agency. *See City of Middlesboro v.*

*Kentucky Utilities Co.*, 284 Ky. 833, 146 S.W.2d 48, 52 (1940). A state court does not have jurisdiction over a federal agency. *Commonwealth v. Hamilton*, 411 S.W.3d 741, 746 (Ky. 2013). Federal courts have exclusive jurisdiction to review federal agency actions under the Administrative Procedures Act. *Western & Southern Life Ins. Co. v. Smith*, 859 F.2d 407, 409 n.4 (6th Cir. 1988).

Blackwell's attempt to frame the matter as merely a property rights dispute between the named parties is without merit. The circuit court was correct that any real property dispute could not be resolved without naming the TVA as a party. Furthermore, the arguments made by Blackwell are inextricably intertwined to whether the TVA issued the permits to Mott and Work pursuant to 18 C.F.R. § 1304.2. That is a matter for the federal courts to decide.[9] Accordingly, the order of the Marshall Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

E. Frederick Straub, Jr.
Matthew S. Eddy
Paducah, Kentucky

BRIEF FOR APPELLEES:

Jeffrey G. Edwards
George M. Carter
Benton, Kentucky

---

[9] The circuit court also correctly points out that 18 C.F.R. § 1304.6 sets out the procedure for appealing permitting decisions of the TVA.