RENDERED: SEPTEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0973-MR

DENNIS ASHER; (RETIRED) JUDGE
LINDA ROBERTS SIBLEY; ALMA
FINLEY; ANNA KAUFMAN;
BARBARA ANN FINLEY; BETTY J.
FINGER; C. JERRY MERIDA-
MCCALL; CECIL RAY MARTIN;
CHIEF MASTER SERGEANT
DILLARD BURNS, JR.; CHRISTINA
ROLFES; CLINT MERIDA, JR.;
CONNIE ASHER WEBB; DANIELLE
SMITH; DEBORAH BRAY; EARL
LEWIS; EMMA HOMGREN; ETHEL
SENTERS ASHER; EVELYN LEWIS
REYNOLDS; GORDON MILLER;
HAROLD ASHER; HESTER MARTIN
BRINKLEY; JESSE ROBINSON; JILL
HARRIS MORRIS; JOYCE A.
MILLER; KATHY JAMISON;
KIMBERLY ASHER HOLT; LEWIS
ASHER, JR.; LINDSEY KRAUSE;
LYN HACKER; MALVERY
ROBERTS BEGLEY; MARGARET
ANN SIZEMORE BUTTRAM;
MARGARET ASHER PERRY;
MOLLY SIZEMORE; NANCY
FETSKO; PAMELA HOSKINS;
PAMELA KAY (ASHER)
MCCLELLAN; PATRICIA ASHER;
PATRICIA GOODRUM; PAUL
BRAY; POLLY BROOKS; RACHEL
ASHER FALL; RHONDA ASHER
EDLIN; RICHARD ASHER; ROBERT

KRAUSE; ROMA ASHER; RONALD
WAYNE MILLER; RONDA DEAN
WHITE; ROSEANN TERRILL;
SHAWN SMITH; SHERRY BAKER;
TERRY LEGEL; TJ FINLEY; AND
VICKIE NUNN CADLE                                                    APPELLANTS


                        APPEAL FROM CLAY CIRCUIT COURT
v.                      HONORABLE OSCAR G. HOUSE, JUDGE
                              ACTION NO. 22-CI-00052


CLAY COUNTY BOARD OF
EDUCATION (CCBOE); ANTHONY
LOVETT (IN HIS OFFICIAL
CAPACITY AS A CCBOE MEMBER);
LEEWOOD CORNETT (IN HIS
OFFICIAL CAPACITY AS A CCBOE
MEMBER); MARK HOSKINS (IN HIS
OFFICIAL CAPACITY AS A CCBOE
MEMBER); ROBIN COMBS (IN HER
OFFICIAL CAPACITY AS A CCBOE
MEMBER); AND ROY GLENN
ALLEN (IN HIS OFFICIAL
CAPACITY AS A CCBOE MEMBER)                                          APPELLEES


                                OPINION
                               AFFIRMING

                          ** ** ** ** **

BEFORE:  DIXON, GOODWINE, AND KAREM, JUDGES.

DIXON, JUDGE:  Appellants appeal from the order granting Appellees' motion to

dismiss entered by the Clay Circuit Court on June 3, 2022, and the order denying

                                    -2-

their motion to alter, amend, or vacate that order entered on July 8, 2022. Following a careful review of the record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2008, the Clay County Board of Education (CCBOE) purchased approximately five acres of property near its schools. The property included a private cemetery – the Hoskins cemetery – with roughly 60 marked graves and some unmarked graves.[1] The deed specifically provided:

> THERE IS ALSO CONVEYED WITH THIS PARCEL A 12-FOOT EASEMENT FOR ACCESS TO THE HOSKINS CEMETERY ALTHOUGH THIS EASEMENT DESCRIPTION IS DESCRIBED ALONG THE CENTER OF AN EXISTING ROUTE TO HOSKINS CEMETERY **IT IS NOT A PERMANENT EASEMENT AND THE BOARD OF EDUCATION RESERVE THE RIGHT TO MOVE SAID EASEMENT UPON ANY SITE IMPROVEMENTS OR TRANSFERMENT OF HOSKINS CEMETERY**.

(Emphasis added.)

In 2021, the CCBOE published at least eight notices over a two-month period in a local newspaper of its intent to relocate graves in the Hoskins cemetery. Afterward, the CCBOE applied to the Clay County Fiscal Court (the Fiscal Court)

---

[1] The Hoskins cemetery is on a hill overlooking Manchester Elementary School and the football field, grandstands, and track used by the CCBOE's elementary schools, Clay County Middle School, and Clay County High School (CCHS). It is also within sight of CCHS.

for authorization to relocate the graves. The Fiscal Court passed, adopted, and filed its Resolution authorizing the relocation.

The CCBOE applied to the Commonwealth of Kentucky, Cabinet for Health and Family Services, Department of Health, Office of Vital Statistics, for disinterment and reinterment permits for the known and unknown graves in Hoskins cemetery. These permits were issued on July 20, 2021.

Three days later, Appellants – descendants of some of those buried in the Hoskins cemetery – filed a complaint against Appellees in the United States (U.S.) District Court for the Eastern District of Kentucky. Therein, Appellants alleged Appellees had committed conversion, violations of KRS[2] 171.3801, and violations of Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.[3]

On February 11, 2022, the U.S. District Court dismissed Appellants' federal claims with prejudice. Of interest is the U.S. District Court's discussion of Appellants' Equal Protection and Due Process arguments. Appellants alleged Kentucky's statute pertaining to cemeteries within city limits, KRS 381.690, offers

---

[2] Kentucky Revised Statutes.

[3] Although Appellants did not seek leave to file amended complaints, the U.S. District Court allowed them to file two, but disallowed the third because of prejudice to Appellees and futility. Appellants alleged violations of the Kentucky Antiquities Act in the Third Amended Complaint.

greater protection and process to those cemeteries than those located outside city limits under KRS 381.755. The U.S. District Court found:

> [Appellants'] claims are insufficient conclusory statements. [Appellants] wholly fail to explain how the procedures provided by Kentucky law are insufficient for cemeteries located outside city boundaries, and for this reason alone, their claim fails. Further, nowhere do [Appellants] allege that the [Appellees] failed to comply with the process as proscribed by state law for moving the graves, and indeed they reference the entire process in their Second Amended Complaint without any procedural complaint. The record indisputably demonstrates that the [Appellees] fully complied with the process set forth by the Commonwealth of Kentucky. The [Appellees] timely published [their] notice of intent in the local newspaper; the [Appellees] filed an application with the Fiscal Court; and the Fiscal Court approved the relocation through its Resolution. The record is clear that [Appellants] received all the process that Kentucky law provides. That [Appellants] think relocation of the graves is not "in the best interest of Clay County, KY" is not a grievance this Court or the constitution can remedy. [Appellants] fail to state a claim under the Equal Protection or Due Process Clauses, and these claims are dismissed.

*Asher v. Clay Cnty. Bd. of Educ.*, 585 F. Supp. 3d 947, 972-73 (E.D. Ky. 2022) (citations omitted). The U.S. District Court declined supplemental jurisdiction over pendant state law claims and dismissed them without prejudice. Appellants did not appeal from the decision of the U.S. District Court.

Shortly thereafter, Appellants filed the case herein against Appellees and others with Kentucky's Clay County Circuit Court. Their complaint consists

-5-

of counts for: (1) violations of KRS 381.755, (2) conversion, (3) right of access to the cemetery, (4) dedication of cemetery occurs by operation of law, (5) rights to the remains of the deceased, (6) violations of KRS 171.3801, and (7) violations of KRS Chapter 164, *et seq.*, the Kentucky Antiquities Act.

Appellees moved the circuit court to dismiss the complaint pursuant to CR[4] 12.02(f) and CR 12.03. After the matter was fully briefed and oral arguments heard, the circuit court entered its order dismissing Appellants' claims with prejudice. Appellants moved the circuit court to alter, amend, or vacate its order, but their request was denied. This appeal followed.

## STANDARD OF REVIEW

Under CR 12.03, "any party to a lawsuit may move for a judgment on the pleadings." *City of Pioneer Vill. v. Bullitt Cnty.*, 104 S.W.3d 757, 759 (Ky. 2003). A judgment on the pleadings "should be granted if it appears beyond doubt that the nonmoving party cannot prove any set of facts that would entitle him/her to relief." *Id.* The trial court is "not required to make any factual determination; rather, the question is purely a matter of law." *James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002). We review a judgment on the pleadings *de novo*. *Schultz v. Gen. Elec. Healthcare Fin. Servs., Inc.*, 360 S.W.3d 171, 177 (Ky. 2012).

---

[4] Kentucky Rules of Civil Procedure.

-6-

Even so, CR 12.03 requires that a motion in which matters outside the pleadings are considered be treated as a motion for summary judgment. *Craft v. Simmons*, 777 S.W.2d 618 (Ky. App .1989). *See Cabinet for Human Res. v. Women's Health Servs., Inc.*, 878 S.W.2d 806 (Ky. App. 1994) (motion to dismiss treated as a motion for summary judgment because the court considered an affidavit in support of the motion). In the case herein, affidavits and other documents beyond public records were provided to the circuit court.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).

An appellate court's role in reviewing an award of summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists, and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v.*

*Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing

*Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

Here, we review the facts in a light most favorable to the Appellants and resolve all doubts in their favor. Applying the *Steelvest* standard, and based on the record, we agree with the trial court that there was no genuine issue of material fact. Therefore, we conclude that a judgment on the pleadings or summary judgment was proper.

## LEGAL ANALYSIS

On appeal, Appellants argue the circuit court improperly granted Appellees' motion to dismiss based on immunity and failure to state a claim upon which relief can be granted. Sovereign immunity is broad, protecting the state not only from the imposition of money damages but also from the burden of defending a lawsuit. *Meinhart v. Louisville Metro Gov't*, 627 S.W.3d 824, 830 (Ky. 2021); *Lexington-Fayette Urban Cnty. Gov't v. Smolcic*, 142 S.W.3d 128, 135 (Ky. 2004) ("Immunity from suit includes protection against the 'cost[s] of trial' and the 'burdens of broad-reaching discovery' that 'are peculiarly disruptive of effective government.'") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396, 409-10 (1982)).

The doctrine of sovereign immunity also covers departments, boards, and agencies that are integral parts of state government, such as school boards, and

their employees. *See Bryant v. Louisville Metro Hous. Auth.*, 568 S.W.3d 839, 846 (Ky. 2019). The immunity of governmental and quasi-governmental agencies is referred to as "governmental" as opposed to "sovereign" immunity; although this delineation in terminology is a distinction without a difference. *Id.*

The immunity that extends to governmental employees in their individual capacities is commonly referred to as "qualified" immunity. *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001). Here, the notice of appeal only lists the CCBOE and its members in their "official capacity as a CCBOE member[s.]" Thus, the CCBOE members are entitled to the same immunity as the CCBOE.

The CCBOE is an agency which may be entitled to sovereign – or governmental – immunity. The Constitution of Kentucky vests the General Assembly with the authority to waive immunity for the Commonwealth and its agencies. *Benningfield v. Fields*, 584 S.W.3d 731, 736 (Ky. 2019).[5] However, it is well-established that we will find waiver *only* where one is stated "by the most express language or by such overwhelming implication[s] from the text as [will] leave no room for any other reasonable construction." *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S. Ct. 458, 464-65, 53 L. Ed. 742 (1909). To determine if CCBOE was entitled to immunity or whether a waiver applies to Appellants'

---

[5] "The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth." KY. CONST. § 231.

-9-

claims, or whether Appellants even stated a claim against the Appellees which would entitle them to relief, we begin with Appellants' complaint.

Count one alleges violations of KRS 381.755. When the complaint was filed, KRS 381.755(1) provided: "[u]pon application of the **owner** of property on which is located an abandoned grave or county to remove and relocate any such grave or cemetery the court may issue an order or resolution authorizing such removal or relocation."[6] (Emphasis added.) KRS 381.755(5) provides: "[f]or the purposes of this section a grave or cemetery shall be considered abandoned when left untended for a period of ten (10) years preceding the date of the resolution for removal and relocation of the grave or cemetery." The CCBOE purchased the land containing the cemetery in 2008 and did not publish notice of intent to relocate its graves until more than ten years later. It was entitled as the owner to make the application; thus, no violation of KRS 381.755 occurred. Consequently, Appellants fail to state a claim against the CCBOE on this issue.

---

[6] This subsection has since been updated to read:

> Upon application of the owner of property upon which is located an abandoned grave or cemetery or whenever the fiscal court of any county deems it to be in the best interest of the county to remove and relocate any such grave or cemetery the court may issue an order or resolution authorizing such removal or relocation.

KRS 381.755(1). This updated language does not change the outcome.

-10-

Count two alleges conversion. "Conversion is an intentional tort that involves the wrongful exercise of dominion and control **over the property of another**." *Jones v. Marquis Terminal, Inc.*, 454 S.W.3d 849, 853 (Ky. App. 2014) (emphasis added). One cannot convert what one already owns. The CCBOE's purchase of the land including the cemetery renders this claim impossible. Therefore, Appellants fail to state a claim against the CCBOE on this issue.

Count three alleges the CCBOE denied access to the Hoskins cemetery. Appellants claim they have an easement; yet, review of the deed demonstrates the easement was not a permanent one and the CCBOE had the right to move the easement and/or transfer the Hoskins cemetery. Accordingly, Appellants also fail to state a claim against the CCBOE on this issue.

Count four claims dedication of a cemetery occurs by operation of law, though Appellants fail to point to such law. It is simply untrue that it is unlawful to _**ever**_ move a dead body or a grave marker. Otherwise, there would be no need for statutes governing these processes. The CCBOE purchased the land at issue and followed the statutes to transfer the graves elsewhere. Thus, Appellants again fail to state a claim against the CCBOE on this issue.

Count five, titled the rights to the remains to the deceased, claims next-of-kin inherit the fee, interest, or easement in the soil containing a dead body. It is beyond dispute that the CCBOE purchased the property containing the

-11-

cemetery with a nonpermanent easement for access to that cemetery. The CCBOE had the right to move the easement and/or transfer the Hoskins cemetery. Thus, Appellants fail to state a claim against the CCBOE on this issue.

Count six vaguely alleges violations of KRS 171.3801, but it is directed at the Commonwealth of Kentucky and its Heritage Council – which were not defendants – rather than the CCBOE. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient to state a claim." *Asher*, 585 F.Supp.3d at 969 (citation omitted). Subsequently, Appellants fail to state a claim against the CCBOE on this issue.

Count seven nebulously alleges violations of KRS Chapter 164 *et seq.*, the Kentucky Antiquities Act. It includes the text of KRS 164.715, which provides: "No person shall willfully injure, destroy or deface any archaeological site or object of antiquity situated on lands owned or leased by the Commonwealth or any state agency or any political subdivision or municipal corporation of the Commonwealth." The complaint then alleges, because the CCBOE is a political subdivision of the Commonwealth, the Hoskins cemetery is protected under this statute from destruction. What the Complaint fails to allege, however, is that the cemetery was or will be destroyed. Construing the complaint in the light most favorable to Appellants and accepting their allegations as true, Appellants fail to plead facts entitling them to relief. *See Asher*, 585 F. Supp. 3d at 969.

Due to our resolution of these issues, we need not address Appellants' further arguments.  The circuit court properly dismissed Appellants' claims.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders of the Clay Circuit Court are AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANTS:

Stella B. House
Manchester, Kentucky

BRIEF FOR APPELLEE CLAY COUNTY BOARD OF EDUCATION:

Elizabeth A. Deener
Lexington, Kentucky