RENDERED:  DECEMBER 13, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1364-MR

AMY GOLLADAY     APPELLANT

 

v.     APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ERIC JOSEPH HANER, JUDGE
ACTION NO. 23-CI-004342

ZELKOVA STRATEGIC PARTNERS,
LLC; BYRON LEET; REGINA
BLAKE; TURNEY BERRY; TYSON
GORMAN; AND WYATT, TARRANT
AND COMBS, LLP     APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, GOODWINE, AND McNEILL, JUDGES.

McNEILL, JUDGE:  In October 2019, Appellant, Amy Golladay (Ms. Golladay),

entered into a consulting agreement with the family of Owsley Brown II.  In

November 2021, Ms. Golladay became an at-will employee of Appellee, Zelkova

Strategic Partners, LLC, (Zelkova).  Appellees are Zelkova, Regina Blake, Wyatt,

Tarrant & Combs, LLP, Turney Berry, Tyson Gorman, and Byron Leet. This

resulted in the termination of her previous independent consulting agreement with the Brown family. Ms. Golladay's employment relationship was formalized with an offer letter from Zelkova that she accepted and signed on November 22, 2021. Zelkova subsequently terminated its employment relationship with Ms. Golladay. She filed suit in Jefferson Circuit Court alleging fraud, promissory estoppel, and tampering with physical evidence under KRS[1] 524.100. Zelkova filed a motion to dismiss pursuant to CR[2] 12.02(f), which was granted. Ms. Golladay appeals to this Court as a matter of right. For the following reasons, we affirm.

## STANDARD OF REIVEW

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo.*" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted). Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." *Id.* With this standard in mind, we return to the present issue.

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

## ANALYSIS

In its order granting Zelkova's motion to dismiss, the court reasoned as follows:

> Having reviewed the record and relevant legal authorities, the Court holds that the Defendants are entitled to the dismissal of Ms. Golladay's verified complaint for failure to state a claim because she could not prove any set of facts in support of her claims that would entitle her to relief. Despite having read Ms. Golladay's verified complaint multiple times, the Court has been unable to identify any representation or promise that could serve as the basis of a claim for fraud or promissory estoppel. Even if the Court could identity one or more actionable representations or promises in Ms. Golladay's verified complaint, it agrees with the Defendants' contention that her claims for fraud and promissory estoppel nevertheless fail as a matter of law because she cannot prove that she reasonably relied on any oral representations or promises of future employment or promotions, given that she agreed in writing that her employment with Zelkova would be at will and that any changes in her employment would require a written modification, which she does not allege ever occurred.

We now address the substantive legal standards. Kentucky is an at-will employment state. Therefore, an employer may generally discharge an employee "for good cause, for no cause, or for a cause that some might view as morally indefensible." *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983) (citations omitted). "In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing

evidence as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). "The elements of promissory estoppel are: (1) a promise; (2) which the promisor should reasonably expect to induce action or forbearance on the part of the promisee; (3) which does induce such action or forbearance; and (4) injustice can be avoided only by enforcement of the promise." *Res-Care, Inc. v. Omega Healthcare Invs., Inc.*, 187 F. Supp. 2d 714, 718 (W.D. Ky. 2001) (citing *Meade Const. Co. v. Mansfield Commercial Elec.*, 579 S.W.2d 105, 106 (Ky. 1979)).

Like the circuit court, we have reviewed the Complaint at issue here multiple times and are also "unable to identify any representation or promise that could serve as the basis of a claim for fraud or promissory estoppel." While the Complaint's factual recitations are lengthy, we see no averment sufficient to establish estoppel or fraud. *See* CR 9.02 ("In all averments of fraud . . . the circumstances . . . shall be stated with particularity."); and *Scott v. Farmers State Bank*, 410 S.W.2d 717, 722 (Ky. 1966).

As previously cited, the circuit court considered Zelkova's exhibits to its motion to dismiss, and specifically relied on Ms. Golladay's employment letter

stating that she was an at-will employee.  This, of course, is a matter outside of the Complaint.  The following is instructive:

> CR 12.02 and CR 12.03 require that a motion in which matters outside the pleadings are considered is to be treated as a motion for summary judgment.  *Craft v. Simmons*, Ky. App., 777 S.W.2d 618 (1989). Here, Health Services filed an affidavit in support of its motion to dismiss. This affidavit was considered by the court to be determinative of the issue; therefore, the accompanying motion must be treated as a motion for summary judgment under CR 56.

*Cabinet for Hum. Res. v. Women's Health Servs., Inc.*, 878 S.W.2d 806, 807 (Ky. App. 1994).  Even if we were to look beyond the Complaint in the present case and consider the underlying motion to dismiss for failure to state as a claim as one for summary judgment, Ms. Golladay could not prevail as a matter of law.  *See Scott v. Forcht Bank, NA*, 521 S.W.3d 591, 597 (Ky. App. 2017) ("[A]s a matter of law, a party may not rely on oral representations that conflict with written disclaimers to the contrary which the complaining party earlier specifically acknowledged in writing . . . .").

Lastly, we agree with the circuit court that "Ms. Golladay's claim for tampering with physical evidence is not actionable under Kentucky law."  And like prior decisions addressing similar issues, "[w]e decline the invitation to create a new tort claim."  *Monsanto Co. v. Reed*, 950 S.W.2d 811, 815 (Ky. 1997).  *See also*, *Est. of Grisez v. Erie Ins. Co.*, ___ S.W.3d ___, No. 2022-CA-0451-MR,

-5-

2024 WL 3836617, at *3 (Ky. App. Aug. 16, 2024) (to be published).  For the foregoing reasons, we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:

Thomas E. Clay
Louisville, Kentucky

BRIEF FOR APPELLEES:

David Tachau
Katherine Lacy Crosby
Catie A. Wheatley
Louisville, Kentucky